## Armstrong *v.* Sellers, *et al.*

### *Automobile Accident.*

(Decided April 17, 1913.    Rehearing denied May 8, 1913. 62 South. 28.)

1. *Master and Servant; Injury to Third Person; Relation of Parties.*—The owner of an automobile who habitually consented to the use of the same by his wife, is not, in the absence of a statute, liable to one run down by the machine while it was being driven by a third person, who was customarily permitted to use the car when not otherwise in use, and who was at the time riding with the owner's wife; it not appearing that the owner was aware of the particular use of the machine in question.

2. *Constitutional Law; Retrospective Act; Repeal of Remedy.*— Under section 95, Constitution 1901, the repeal of the statutes upon which plaintiff sought to bottom defendant's liability, did not affect the action.

3. *Statutes; Construction.*—The context of a statute will be considered in determining the true meaning of the statute.

4. *Automobile; Use of Highway; Unlicensed Machine.*—Where it did not appear that defendant had acquired the automobile more than ten days before the injury to plaintiff, no liability can be based upon the provisions of section 3013, 6322 and 6327, Code 1907.

5. *Same; Injuries Therefrom.*—The mere fact that defendant's automobile with which plaintiff was run down was not registered under section 3012, Code 1907, affords no basis for defendant's liability for the accident to plaintiff, such statute not prescribing any qualifications for drivers or license to travellers.

6. *Same.*—The owner of an unregistered automobile cannot be held liable for an accident producing injury, under the provisions of sections 3013, 6322 and 6327, Code 1907, where the owner was not driving the car in person, or by his agent, since the penal statutes extend only to those in immediate charge.

7. *Same.*—Considering together sections 3013, 3015, 6322 and 6327, Code 1907, it is held that the expression "owners or custodians" does

[Armstrong v. Sellers, et al.]

not extend to a mere servant, or a person having only temporary control of an automobile under permission from the owner, and that therefore, such persons are not liable to one injured by reason of the fact that they were operating an unlicensed machine.

8. *Appeal and Error; Harmless Error; Evidence.*—Where plaintiff had no right of action whatever, the exclusion of her evidence is harmless.

APPEAL from Birmingham City Court.

Heard before Hon. WILLIAM M. WALKER.

Action by Aurora E. Armstrong against Ira J. Sellers, Mrs. Sellers, and one Crenshaw. Plaintiff had judgment against Crenshaw, but judgment was rendered for the other named defendant, and plaintiff appeals. Affirmed.

LONDON & FITTS, for appellant. The automobile had not been registered as required by sections 3012-3015, and 6322-27, Code 1907, and the statute declares that it shall be unlawful for a person to operate such an automobile. A cause of action arising out of a violation of law is not destroyed by a subsequent repeal of the law. The court erred in its charge to the jury in view of the statutes.—*Gray v. Mobile Co.,* 55 Ala. 387; *K. C. M. & B. v. Flippo,* 138 Ala. 487; *Sloss-Sheffield Co. v. Sharp,* 156 Ala. 284; *R. R. Co. v. Copeland,* 61 Ala. 376; *R. R. Co. v. McAlpine,* 75 Ala. 114; *Kitchen v. Elliott,* 114 Ala. 290; *Watts v. Montgomery T. Co.,* 57 South. 471; 15 Dec. Dig. 111; Thomp. on Neg. secs. 10-11; 9 L. R. A. (N. S.) 349; 89 N. E. 25; 44 N. E. 255; 91 N. E. 306; *Corona Co. v. White,* 158 Ala. 627; *Smith v. Jordan,* 97 N. E. 761; *Kenny v. Koopman,* 116 Ala. 310.

BURGIN, JENKINS & BROWN, for appellee. The fact that the automobile was not registered can have no proximate relation to the injury caused by such an automobile.—*A. G. S. v. McAlpine,* 71 Ala. 545; 35 Am.

Rep. 402; 33 L. R. A. (N. S.) 161; 25 L. R. A. (N. S.) 734. The owner is not liable for the negligence of the person to whom he has loaned the automobile.—*Hartley v. Miller,* 33 L. R. A. (N. S.) 81. The owner cannot be held liable on the theory that an automobile is a dangerous agent.—*Parker v. Wilson,* 60 South. 150; *Hartley v. Miller, supra; Jones v. Hove,* 14 L. R. A. (N. S.) 216. A suit based upon a penal statute falls, if before the trial and judgment, the statute is repealed, unless there is a saving clause in the repealing statute. —*Pope v. Lewis,* 4 Ala. 487; *Luke v. Calhoun County,* 56 Ala. 415; *Turnipseed v. Jones,* 56 Ala. 415.

SAYRE, J.—Appellant was injured, while on a public street of the city of Birmingham, by an automobile driven by the defendant Crenshaw. For her injury thus sustained appellant had judgment against Crenshaw, of which the latter does not complain. But the machine was the property of the defendant Dr. Ira J. Sellers, and in it at the time was his wife, who is also sued. Of the judgment acquitting the last-named two defendants the appellant does complain, and she appeals to this court for a reversal.

Mrs. Sellers was in the habit of using the machine for her own pleasure, with the knowledge and consent of her husband, the defendant Dr. Sellers, frequently operating it with her own hands. At the time of plaintiff's injury the machine was being driven by the defendant Crenshaw, who was taking Mrs. Sellers and some children to a baseball game. There was nothing to indicate that any member of the family had a right to command the services of Crenshaw. He was a boarder or a guest in the family, the trip was taken on his suggestion and invitation, and it may be assumed that he was accorded the privilege of using the machine when

not otherwise in demand, and that on the particular oc-
casion he had a loan of it. Doctor Sellers was not aware
of the use of the car at the instant time; nor were any
of the persons in the car then on any particular errand
or business of his. For reasons which found statement
in *Parker v. Wilson,* 179 Ala. 361, 60 South. 150, Dr.
Sellers was not liable on the facts shown, unless his
liability can be worked out through statutes of the state,
then of force, providing and requiring that "the owner
or custodian of any automobile, locomobile, or motor
vehicle shall, within ten days after acquiring the same,
register such vehicle in the office of the probate judge
of the county of the residence of the owner, or in which
said vehicle is to be run or operated, in a book to be kept
for that purpose by said judge," etc. (Code, § 3012), and
making it "unlawful for any person to run, operate, or
drive any automobile, locomotive, or other motor vehi-
cle of like kind on the public roads and highways of
this state without first registering same as provided" in
section 3012 (Code, § 6322), and punishing any viola-
tion of section 6322 as a misdemeanor (Code, § 6327).
These statutes were a crude and incompetent provision
for the purpose of police protection, which induced their
legislative adoption, and have been superseded by more
comprehensive and carefully considered provisions, but
whatever virtue they had must, for the purposes of this
suit, brought while they were of force, be made effect-
ual; for section 95 of the Constitution provides that,
"after suit has been commenced on any cause of action,
the Legislature shall have no power to take away such
cause of action, or destroy any existing defense to such
suit."

These statutes imposed no liability upon either Dr. or
Mrs. Sellers on the facts shown in this case. It may
well be that all the defendants were entitled to the gen-

eral charge as to those counts which proceeded upon the theory of responsibility under the aforementioned statutes and apart from any question of diligence in the operation of the automobile, because those statutes did not deny them the right to operate an unregistered machine for 10 days after acquiring the same, and there was no evidence to support a finding that any of the defendants had acquired the machine more than 10 days before the time of plaintiff's injury. But aside from this, there are reasons why the statutes had no operation in the case shown by the evidence. If that part of the statute law which provides for registration stood alone, were unre-enforced by the criminal provision, no causal connection could be traced between the owner's failure to comply and plaintiff's hurt. It provided for nothing but registration and a certificate thereof. It prescribed no qualifications for drivers; nor did it provide for licenses to drivers. It did not require that automobiles should be numbered, nor that they should exhibit any signs for identification. The failure to register would, in this state of the law, constitute a mere condition, and not a contributory cause.—*Hemming v. New Haven,* 82 Conn. 661, 74 Atl. 892, 25 L. R. A. (N. S.) 734, 18 Ann. Cas. 240; *Dudley v. North Hampton St. Ry. Co.,* 202 Mass. 443, 89 N. E. 25, 23 L. R. A. (N. S.) 561. The only expressed purpose of the criminal statute, passed in aid of the registration statute, was to prohibit the running, operating, or driving of unregistered automobiles on the public roads and highways of the state by their owners or custodians. It did not prohibit in general the operation of unregistered automobiles, nor the operation of registered automobiles by persons other than owners or custodians, but only their operation by those whose duty it was to register them. Its penalties cannot be extended by implication beyond

its fair letter, even though to do so would help to round out the expression of the supposed legislative purpose. Now Dr. Sellers, the owner, was not running, operating, or driving the machine in person; nor was he doing so through his agents or servants, within the rule of respondeat superior.—*Parker v. Wilson, supra.* Nor was Mrs. Sellers or the defendant Crenshaw within the letter or spirit of the statute law referred to. They were temporarily in the custody or possession of the property, but a reasonable construction of the statute does not put them within the class of persons who were required to register automobiles and other machines of like kind. "Custodian" is a word capable of widely variant meanings in respect of the element of time or degree of permanency involved. As used in the statute, "custodian" was differentiated from "owner" by the disjunctive conjunction of the two words, and no doubt indicated a broader class. In arriving at its true meaning the context must be considered, and the effect of a comparison of all the parts of a statute is frequently to explain, rather than to limit or enlarge, an expression somewhere in the statute, which is open to several interpretations.—Endlich, Interp. St. § 38. Owners or custodians shall, "within ten days after acquiring same, register such vehicle," etc. It was provided that manufacturers and dealers might operate machines not kept for their own "private use" (section 3015), and this they might do by agents without violating the statute. Without going unnecessarily far into the consideration of fundamental difficulties that might suggest themselves concerning a purely police measure which attempted to discriminate between owners and custodians generally, on one hand, and manufacturers and dealers, on the other, in regard to their permissible use of the common highways of the state, it may be noted that such difficul-

ties do not arise in the case of operators, mere drivers, who operate machines as the agents or servants of others, if they be distinguished from operators who are owners and custodians; and this, along with the consideration that in no customary use of language do we speak of a servant as "acquiring" his master's property when he takes it for use in the service, and that it is scarcely probable the Legislature intended that a servant should register his master's machine, or that upon every change of servants the performance should be repeated after 10 days of grace, has been sufficient to bring our minds to the conclusion that by owners and custodians, both, was intended persons having possession and control with some more independent and permanent interest than that of a mere servant or person intrusted by the owner with a temporary permissive user.

As we read the case with the help of the brief furnished by counsel for appellant, no effort has been made to fasten liability upon Mrs. Sellers on any common-law principle. The statute did not reach her case, and so the general charge in her favor, on the interpretation of the facts which counsel seems to have adopted, and which we are not disposed to question, was given without error.

In view of our statement of the law of the case, the exception reserved on the court's refusal to allow plaintiff's question to the witness Crenshaw was of no consequence.

We have nothing to say against the rule declared in *Watts v. Montgomery Traction Co.,* 175 Ala. 102, 57 South. 471. An application of the principles above declared to the undisputed facts leaves the driver, Crenshaw, as the only person against whom the ordinance was operative for the purposes of this case.

[Vessel, et al. v. Seaboard A. L. Ry. Co.]

We think a proper result was reached, and by correct method, in the court below, and the judgment will be affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.