ETHEL E. LANDRY *vs.* FRANK E. RICHMOND.

FRANCIS E. LANDRY *vs.* FRANK E. RICHMOND.

APRIL 25, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Automobiles.   Master and Servant.*

A husband who furnishes an automobile for the pleasure of his family and permits his wife to drive whenever she desires is not responsible for her negligent use of the car when driving exclusively for her own purposes.

TRESPASS ON THE CASE FOR NEGLIGENCE. Heard on exceptions of defendant and sustained.

RATHBUN, J. The above entitled cases were tried together. The two plaintiffs are husband and wife. The latter brought suit to recover for personal injuries caused by a collision between an automobile in which she was a passenger and an automobile operated by the defendant's wife. The husband in his suit seeks to recover for loss of services and expenses caused by the injury to his wife.

The trial in the Superior Court resulted in a verdict for each of the plaintiffs. The cases are before us on the defendant's exceptions taken in the course of the trial, including exceptions to the refusal of the trial justice to direct verdicts for the defendant, and also upon defendant's exceptions to the refusal of said justice to grant the defendant a new trial.

One of the main questions was whether the defendant's wife was his agent and servant in the operation of said automobile at the time of the accident. He was not with his wife at said time and said automobile was never used by him but was used exclusively by his wife for whom it was purchased. The defendant paid one-fourth and his wife three-fourths of the purchase price. The expenses of operation and upkeep of the car were borne by the defendant. The automobile was registered in his name and the insurance policies covering the automobile were made payable to him. In the tonneau of the automobile at the time of the accident was riding a chauffeur whose wages were paid by the defendant. The defendant had an automobile which he operated and the chauffeur was at all times when operating a car in the course of his employment subject to the exclusive direction and control of Mrs. Richmond, the defendant's wife. Mrs. Richmond had operated an automobile for several years and it was not contended that she was an unskillful operator or that she was otherwise an improper person to be entrusted with the management of an automobile. At the time of the accident she was on no mission for her husband but was proceeding on a trip solely for her own purpose from her home in Providence to New

York. She was accompanied by a friend, Mrs. Roelker, and also the chauffeur.

It was contended by the plaintiffs that the defendant was the owner of the car. The testimony indicates that the defendant and his wife owned the car jointly. Huddy on Automobiles, 6th Edition at page 862 states the rule applicable to joint owners as follows: "But, when the machine is being operated, not by a servant, but by one of the owners, the owner not participating in the trip is not usually liable." To obtain a registration of the automobile in his own name it was necessary that the defendant make affidavit that he was the owner. It has been held that a person who registers an automobile in his own name is presumed to have an interest in the car sufficient to control its operation upon the highway.

It is admitted that the defendant paid all costs of maintenance and operation of the car. It appears that the car was kept for the exclusive use of his wife who had his permission (if such permission was necessary) to use the car at all times including the day of the accident and that in making the trip she was on no errand for her husband but was using the car exclusively for her own purpose. The wife was an experienced and competent driver. With these facts established, and assuming for the purpose of this consideration that the husband was the absolute owner, is he liable for the damage caused by her negligent operation of the car? Unfortunately the authorities are not in entire accord upon this question. Section 12, Chap. 290, Gen. Laws, 1923, provides that: "The husband shall not be liable by reason of the marital relation . . . for torts committed by his wife after marriage unless he participates therein or coerces her thereto." It is almost universally held that an automobile is not such an inherently dangerous instrumentality that the owner keeps it at his peril. See *Colwell* v. *Aetna Bottle & Stopper Co.*, 33 R. I. 531. But a number of courts of respectable standing have held on facts similar in principle that the owner was liable. Such courts, after stating

that the car at the time of the accident was being used for one of the purposes for which it was kept, namely, for the entertainment or convenience of the member of the family driving at the time of the accident, proceed on the theory that the entertainment of his wife is a part of the husband's business and that she is his agent and servant while engaged in entertaining herself with the instrumentality which he has provided. Would these courts hold the head of a family liable for damage caused by a member of his family in using a golf club or tennis racket supplied by him for the use of the members of. the family? No court has attempted to apply the doctrine to any object other than an automobile. Some courts have argued that the accident would not have happened but for the fact that the husband supplied the automobile, and as the owner would be more likely to be able to respond in damages than his wife or child he should pay for the damages which the automobile furnished by him caused. Such opinions seem to lose sight of the fact that the question involved is one of master and servant and not a case where one person negligently places a dangerous article, as a gun or automobile, in the hands of a child or other inexperienced or incompetent person. His liability for damages in such cases is based upon his own negligence and not upon the negligence of any supposed servant.

The line of cases holding a husband or father liable for the negligence of the wife or child in using the car exclusively for the operator's own purposes are opposed to the most elementary principles of the law of master and servant. Until automobiles became so numerous no one ever suggested that the relation of master and servant could exist at a given time between A and B so as to fix liability upon A for the negligent act of B unless B at the time was engaged in doing some act for A. There is a vast distinction between the class of cases which we are considering and those in which it appears that another member of the family was riding in the car at the time of the accident, in which case it is usually a question of fact whether the wife or child

operating the car was doing so exclusively for the operator's own purposes or whether the operator in driving the car was not, in addition to attending to his own affairs, also doing an act for the head of the family. The plaintiffs in their brief confuse the two classes of cases. Their brief contains a statement as follows: "The leading case cited on the opposite side of the 'Family Purpose Doctrine' is *Doran* v. *Thomsen*, 76 N. Jersey Law 754; but in *Missell* v. *Hayes*, 86 N. Jersey Law 348, 91 Atl. Rep. 322, a later case, the court stated rules at variance with the former decision." *Doran* v. Thomsen, *supra*, held that a father was not liable for the negligence of his daughter in using his automobile with his permission for her own pleasure in driving her own personal friends. In Missell v. Hayes, the father was sued for the negligence of his son in operating the automobile of the father with his permission. At the time of the accident the son was driving but his mother, sister and guests were passengers in the car. The court held that it was a question of fact whether the son was driving exclusively for his own purpose or whether he was not in addition to attending to his own affairs also acting for his father in furnishing recreation and entertainment for the mother and sister. The court said "It was within the scope of the father's business to furnish his wife and daughter, who were living with him as members of his immediate family, with out-door recreation, just the same as it was his business to furnish them with food and clothing or to minister to their health in other ways." But the court did not even insinuate that a son when driving exclusively for his own purpose the automobile of the father with the latter's permission was doing any act for the father or that the son while so driving was the agent or servant of the father. We find nothing in the case at variance with the rule as stated in Doran v. Thomsen. In *Myers* v. *Shipley*, (Md.) 116 Atl. 645, the same argument was made that Missell v. Hayes either overruled or modified Doran v. Thomsen. The court at page 648 referring to the decision in Missell v. Hayes stated as follows: "But the

case of Doran v. Thomsen was not overruled, but expressly affirmed."

The elementary rules regulating the question of liability of the master for the negligent act of his servant have been so long and firmly established that it requires an act of the legislature rather than the advent of the automobile to overturn the fundamental principles of the doctrine of *respondeat superior*.   See *Colwell* v. *Aetna Bottle & Stopper Co.*, 33 R. I. 531; *Northup* v. *Robinson*, 33 R. I. 496; *Archie* v. *Hudson-Essex Co.* (R. I.) 120 Atl. Rep. 162.   We feel compelled to follow the rule that a husband who furnishes an automobile for the pleasure of his family and permits his wife to drive whenever she desires is not responsible for her negligent use of the car when driving exclusively for her own purposes.   See *Bretzfelder* v. *Demaree*, 130 N. E. (Ohio) 505; *McGowan* v. *Longwood*, 136 N. E. (Mass.) 72; *Spence* v. *Fisher*, 193 Pacif. (Cal.) 255; *Pollock* v. *Watts*, 121 Atl. (Md.) 238; *Van Blaricom* v. *Dodgson*, 115 N. E. (N. Y.) 443; *Quilty* v. *Battie*, 135 N. Y. 201; *Charles* v. *Baltimore*, 114 Atl. (Md.) 565; *Pratt* v. *Cloutier*, 110 Atl. (Me.) 353; *Elms* v. *Flick*, 126 N. E. (Ohio) 66; *Smith* v. *Weaver*, 124 N. E. (Ind.) 503; *Farnum* v. *Clifford*, 106 Atl. (Me.) 344; *Arkin* v. *Page*, 123 N. E. (Ill.) 30; *Whitelock* v. *Dennis*, 116 Atl. (Md.) 68; *Norton* v. *Hall*, 149 Ark. 428; *Farthing* v. *Strouse*, 172 App. Div. (N. Y.) 523; *Woods* v. *Clements*, 113 Miss. 720; *Myers* v. *Shipley*, 116 Atl. (Md.) 645; *Doran* v. *Thomsen*, 76 N. J. L. 754; *Hill* v. *Jacquemart*, 203 Pacif. (Cal.) 1021; *Cohen* v. *Meador*, 119 Va. 429; *Blair* v. *Broadwater*, 93 S. E. (Va.) 632; *Markle* v. *Perot*, 116 Atl. (Penn.) 542; Myers v. Shipley, *supra*, and the large number of cases there cited.

The defendant's exception to the refusal of the trial justice to direct a verdict in favor of the defendant is sustained.   It is therefore unnecessary to consider the defendant's other exceptions.

The plaintiffs may, if they shall see fit, appear before this court on May 7, 1924 and show cause, if any they have, why

the cases should not be remitted to the Superior Court with direction to enter judgment for the defendant in each case.

*Samuel H. Davis, Herbert W. Rathbun,* for plaintiffs.

*Ralph T. Barnefield, Felix Hebert, Swan, Keeney & Smith,* for defendant.