(100 South. 663)

**BRADLEY et al. v. ASHWORTH.**
**(6 Div. 104.)**

(Supreme Court of Alabama. June 5, 1924.)

1. Negligence ⬅90—Automobile owner held not chargeable with contributory negligence of wife, driving.

Plaintiff, suing for damages to his automobile while being driven by his wife for her own pleasure, *held* not chargeable with her contributory negligence as a servant, agent, or employé.

2. Bailment ⬅1, 21—Relation of bailor and bailee exists between husband owning car and wife using same; bailor liable only for negligence in permitting incompetent bailee to use car.

As between the owner of a car used for professional purposes and his wife using same, by permission, for her own pleasure, the relation of bailor and bailee exists, and bailor is liable only for his negligence in permitting an incompetent bailee to use same.

3. Street Railroads ⬅118(11)—Denial of instruction as to care required of plaintiff's wife driving car held not error.

Where plaintiff. suing for damages to his car while being driven by his wife was not chargeable with her contributory negligence, denial of an instruction as to the degree of care required of her *held* not error.

4. Appeal and error ⬅1068(5)—Denial of charge precluding recovery for wantonness and willfulness held not error.

In action for damages to plaintiff's car refusal of requests that there could be no recovery for wantonness and willfulness or of punitive damages, *held* not error, where actual damages equaled amount assessed.

5. Street railroads ⬅117(36)—Evidence of wantonness and willfulness held for jury.

In action for damages to plaintiff's car from street car, evidence of defendant's wantonness and willfulness *held* sufficient to go to jury.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action for damages, for injuries to an automobile resulting from collision with a street car, by R. F. Ashworth against Lee C. Bradley and J. S. Pevear, as coreceivers of the Birmingham Railway, Light & Power Company. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Charges 2 and 3, refused to defendants, are as follows:

"(2) The court charges the jury that the more difficult it is to see up and down the car track the greater the degree of care which the law imposes upon the driver of an automobile approaching the track for the purpose of driving across it.

"(3) If you believe the evidence, you cannot award the plaintiff any damages for the purpose of punishing the defendant."

Tillman, Bradley & Baldwin, A. Key Foster, and J. Murray Barbee, all of Birmingham, for appellants.

The automobile, at the time of the injury, was being used for the purpose for which the owner intended it. King v. Smythe, 140 Tenn. 217, 204 S. W. 296, L. R. A. 1918F, 293; Allison v. Bartlett, 121 Wash. 418, 209 Pac. 863; Graham v. Page, 300 Ill. 40, 132 N. E. 817; Mooney v. Gilreath (S. C.) 117 S. E. 186; Babbitt, Law of Motor Vehicles, 745, 755; Aggleston v. Kendall, 92 W. Va. 138, 114 S. E. 454. The wife was at the time the servant or agent of the plaintiff, and her contributory negligence would defeat his recovery. Babbitt, p. 475; Hutchins v. Haffner, 63 Colo. 365, 167 Pac. 966, L. R. A. 1918A, 1008; Beard v. Davis, 86 W. Va. 437, 103 S. E. 278; Stevens

v. Luther, 105 Neb. 184, 180 N. W. 87; Stowe v. Morris, 147 Ky. 386, 144 S. W. 52, 39 L. R. A. (N. S.) 224; Smith v. Jordan, 211 Mass. 269, 97 N. E. 761. The doctrine of "family car" is not contrary to law of Alabama as applied to this case. Beard v. Davis, supra; Hudgens v. Boles, 208 Ala. 67, 93 South. 694; Parker v. Wilson, 179 Ala. 361, 60 South. 150, 43 L. R. A. (N. S.) 87; Erlich v. Heis, 193 Ala. 669, 69 South. 530; Armstrong v. Sellers, 182 Ala. 582, 62 South. 28; Gardiner v. Solomon. 200 Ala. 115, 75 South. 621, L. R. A. 1917F, 380.

S. R. Hartley, of Birmingham, for appellee.

The wife was not the agent of the husband. Tanzer v. Read, 160 App. Div. 584, 145 N. Y. Supp. 708; Farnum v. Clifford, 118 Me. 145, 106 Atl. 344; Fallon v. Swackhamer, 226 N. Y. 444, 123 N. E. 737. The owner of an automobile is not liable for negligence of a member of his family driving the same. Parker v. Wilson, 179 Ala. 361, 60 South. 150, 43 L. R. A. (N. S.) 87; Erlich v. Heis, 193 Ala. 669, 69 South. 530; Rape v. Barker, 25 Ga. App. 362, 103 S. E. 171; Griffin v. Russell, 144 Ga. 275, 87 S. E. 10, L. R. A. 1916F, 216, Ann. Cas. 1917D, 994; Zeeb v. Bahnmaier, 103 Kan. 599, 176 Pac. 326, 2 A. L. R. 883; Flynn v. Lewis, 231 Mass. 550, 121 N. E. 493, 2 A. L. R. 896; Woods v. Clements, 113 Miss. 720, 74 South. 422, L. R. A. 1917E, 357; 114 Miss. 301, 75 South. 119, L. R. A. 1917E, 357; Bolman v. Bullene (Mo. Sup.) 200 S. W. 1068; Doran v. Thomsen, 76 N. J. Law, 754, 71 Atl. 296, 19 L. R. A. (N. S.) 335, 131 Am. St. Rep. 677; Bilyeu v. Beck, 178 N. C. 481, 100 S. E. 891; McFarlane v. Winters, 47 Utah, 598, 155 Pac. 437, L. R. A. 1916D, 618; Warren v. Norguard, 103 Wash. 284, 174 Pac. 7; Carrier v. Donavan, 88 Conn. 37, 89 Atl. 894; Dougherty v. Woodward, 21 Ga. App. 427, 94 S. E. 636; Arkin v. Page, 287 Ill. 420, 123 N. E. 30, 5 A. L. R. 216; Kitchen v. Weatherby, 205 Ill. App. 10; Sultzbach v. Smith, 174 Iowa, 704, 156 N. W. 673, L. R. A. 1916F, 228; Lemke v. Ady (Iowa) 159 N. W. 1011; Dempsey v. Frazier, 119 Miss. 1, 80 South. 341; Winn v. Haliday, 109 Miss. 691, 69 South. 685; Daily v. Maxwell, 152 Mo. App. 415, 133 S. W. 351; Hays v. Hogan, 273 Mo. 1, 200 S. W. 286, L. R. A. 1918C, 715, Ann. Cas. 1918E, 1127; Van Blaricom v. Dodgson, 220 N. Y. 111, 115 N. E. 443. L. R. A. 1917F, 363; Schultz v. Morrison, 91 Misc. Rep. 248, 154 N. Y. Supp. 257; Taylor v. Stewart, 172 N. C. 203, 90 S. E. 134; Linville v. Nissen, 162 N. C. 95, 77 S. E. 1096; Elms v. Flick, 100 Ohio St. 186, 126 N. E. 66; McNeal v. McKain, 33 Okl. 449, 126 Pac. 742, 41 L. R. A. (N. S.) 775; Kunkle v. Thompson, 67 Pa. Super. Ct. 37; Davis v. Littlefield, 97 S. C. 171, 81 S. E. 487; King v. Smythe, 140 Tenn. 217, 204 S. W. 296, L. R. A. 1918F, 293; Allen v. Bland (Tex. Civ. App.) 168 S. W. 35; Blair v. Broadwater, 121 Va. 301, 93 S. E.

632, L. R. A. 1918A, 1011; Denison v. Mc-Norton, 228 Fed. 401, 142 C. C. A. 631.

SAYRE, J. Plaintiff, appellee, owned an automobile which he used in the practice of his profession as a physician. When the car was not in use by plaintiff, his wife had free use of it for her convenience and pleasure, and, on the occasion in question, after plaintiff, in company with his wife, had driven to his place of business down town, the wife, alone, was driving the car back home when it came into collision with an electric street car operated by defendants as receivers. Plaintiff's wife was returning the car to her home with the purpose, at a later hour, of using it to call upon a relative who was sick at a point some distance away. Plaintiff sued for damage done to his automobile, alleging, to state the case briefly, that defendants' employés in charge of the street car had so negligently managed the same that the collision was caused and plaintiff's automobile wrecked. There was also a count for wanton or willful injury. The defense proceeded in short by consent as under pleas of the general issue, and, as against the charge of simple negligence, the contributory negligence of plaintiff's wife in driving the automobile. Verdict and judgment went for plaintiff. Defendants appeal.

The trial court in effect instructed the jury that, if plaintiff's wife was using the automobile for her own pleasure or purpose, and was not about plaintiff's business, she was not his servant, agent, or employé, and her contributory negligence was not imputable to him, and could not defeat his recovery; actionable negligence on the part of defendants' motorman being proved. Defendants reserved the question for review.

[1-3] It is suggested on behalf of appellee that this case is determined by the decision in Parker v. Wilson, 179 Ala. 361, 60 South. 150, 43 L. R. A. (N. S.) 87. Appellants, on the other hand, ask the court to adopt the "family purpose" doctrine, and thus, in effect, to overrule Parker v. Wilson. There are cases in which it is held that, where the head of a family keeps an automobile for the use and pleasure of his family—and we suppose that, among people of moderate means at least, most automobiles are so intended and kept—the owner is liable for negligence in its operation. The author of "The Law Applied to Motor Vehicles," Babbitt (3d Ed.) § 1178, observes that "this doctrine has strong reasons of convenience and public policy to recommend it, but no basis whatever in the law of agency"—as we held in Parker v. Wilson—"and according to the great weight of authority in this country the owner is not liable on evidence merely that the owner permitted his minor son to operate his car for his own pleasure as it is held that this does not show that the son was the agent of the father acting in the scope of his employ-

ment." Like considerations apply, of course, in the case of other members of the owner's family. The cases so holding, including Gardiner v. Soloman, 200 Ala. 115, 75 South. 621, L. R. A. 1917F, 380, Armstrong v. Sellers, 182 Ala. 582, 62 South. 28, Powers v. Williamson, 189 Ala. 600, 66 South. 585, are collected in the footnote. In the text our case of Parker v. Wilson, supra, Arkin v. Page, 287 Ill. 420, 123 N. E. 30, 5 A. L. R. 216, Van Blaricom v. Dodgson, 220 N. Y. 111, 115 N. E. 443, L. R. A. 1917F, 363, Blair v. Broadwater, 121 Va. 301, 93 S. E. 632, L. R. A. 1918A, 1011, Pratt v. Cloutier, 119 Me. 203, 110 A. 353, 10 A. L. R. 1434, and Hays v. Hogan, 273 Mo. 1, 200 S. W. 286, L. R. A. 1918C, 715, Ann. Cas. 1918E, 1127, are commented upon as furnishing correct statements of doctrine. Many cases to the same effect are noted on page 1130 of Ann. Cas. 1918E (Hays v. Hogan, supra). In Erlick v. Heis, 193 Ala. 669, 69 South. 530, and Hudgens v. Boles, 208 Ala. 67, 93 South. 694, the authority of Parker v. Wilson was conceded.

So now, without indulging an unnecessary restatement of the law, we are satisfied to stand by that case. It results that, on the case presented by this record, plaintiff was not answerable for the contributory negligence of his wife as his servant, agent, or employé. The relation between plaintiff and his wife was that of bailor and bailee. As bailor plaintiff was entitled to maintain his action for any negligent injury done by defendant, a third person, to the subject of the bailment; but he was not liable to defendant for his bailee's negligence, the subject of bailment not being under the control of his own servant, agent, or employé. Defendants' recourse, if any under the facts, for the bailee's negligence was against the bailee. 6 C. J. pp. 1149–1151. The liability of the owner in such case must rest upon his negligence combined with that of the driver—his own negligence in intrusting his machine to an incompetent driver and the negligence of the driver in its operation (Parker v. Wilson, supra; Gardiner v. Soloman, supra; Beville v. Taylor, 202 Ala. 305, 80 South. 370), but in this case there was no contention that plaintiff had intrusted his machine to an incompetent driver. The trial court followed, in effect, the stated theory of the law in its instructions to the jury and as well in its refusal of special charges requested by defendant. And the same reason justifies the action of the court in refusing to defendants the charge which we have marked 2 in the margin of the transcript.

[4, 5] Nor did the court err in refusing defendants' request to charge that there could be no finding for plaintiff on the second count of the complaint, the wanton or willful count, or in refusing the charge we have marked 3 in the margin. These rulings of the court may be justified on the ground that the uncontradicted evidence showed that the actual damage to plaintiff's automobile and the expense to which plaintiff was put in hiring a necessary substitute during a reasonable time in which to have repairs made equaled at least the amount of damages assessed, and this, probably, is the better ground on which to deny error in this connection. However, assuming the propriety of assessing damages for wanton or willful injury in a case like this, that is, that the measure of damages may be augmented by reason of this element in defendants' conduct, there was evidence from which the jury were authorized to infer wanton or willful injury, that is, there was evidence that defendants' street car approached the crossing at which plaintiff's car was damaged at a high and dangerous rate of speed, and that, instead of making an effort to stop the car when he observed the presence and danger of plaintiff's car, defendants' motorman increased the speed of his car. His notion in doing this, according to his testimony, was that he hoped to outrun the danger—pass the crossing before plaintiff's car got on the track—and it may be that, had we been on the jury, we would have accepted this theory of his action as most probable. Still, it cannot be said that the jury were clearly wrong in their conclusion to the contrary or that the court committed error in overruling defendants' motion so far as predicated upon this ground. Other grounds of the motion insisted upon in argument have been noticed.

The judgment should in our opinion be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER, and MILLER, JJ., concur.