LITTLER v. VOIGT

Ohio Appeals, 6th Dist., Lucas Co.

No. 1553. Decided June 22, 1925

951. PRINCIPAL AND AGENT—If son is not authorized by father to drive automobile to and from school, he is not engaged in business of the father.

WILLIAMS, J.

## STATE COURT OF APPEALS—Continued

George Littler brought suit in the Lucas Common Pleas against Charles Voigt, to recover damages for personal injuries sustained by him and for injury to the motorcycle he was riding when he was struck by an automobile driven by Eldon Voigt, son of the defendant.

Upon trial the verdict was directed in favor of Voigt. Error was prosecuted by Littler and it is claimed by him that under 7763 GC. the parent is required to send his child of compulsory school age who is under his charge and not employed on an age or schooling certificate, to a public or private or parochial school, the compulsory age being 18 years. It was contended that the son of the defendant was 17 years of age. The Court of Appeals held:

1. If the father, in sending his son to school, authorized him to drive his automobile in going to and from school, the son would, in making such trips, be engaged in the business of the father.

2. There is no evidence in the case tending to show that the son on the occasion in question, was expressly authorized to take the automobile of his father for the purpose of going to and from school.

The record fails to show any acquiescence and consent on part of the father in the use of the automobile for the purposes claimed, or anything that would constitute a scintilla of evidence tending to show that the son was acting as agent of the father within the scope of his implied authority.

4. Verdict was properly directed for Voigt. Judgment affirmed.

Attorneys—Miller & Brady for Littler; Chas. R. Barefoot for Voigt; all of Toledo.