40 So.2d 632

## ALABAMA ELECTRIC COOPERATIVE, Inc. v. FREE.
### 4 Div. 77.

Court of Appeals of Alabama.
Jan. 11, 1949.

Rehearing Denied Feb. 1, 1949.

Reversed and Remanded on Mandate
May 17, 1949.

Jas. M. Prestwood, of Andalusia, for appellee.

Edw. F. Reid, of Andalusia, for appellant.

CARR, Judge.

This is a suit for damages incident to a collision between plaintiff's automobile and defendant's truck. In the lower court there was a verdict and judgment in favor of the plaintiff.

Assignment of error number 8 is predicated on the refusal of the general affirmative charge in appellant's behalf.

In response to the evidence in the case, if there is any merit in this position it must relate to the inquiry of whether or not the driver of the truck was acting at the time of the collision as an agent of the appellant.

We will only set out that part of the tendencies of the evidence which is pertinent to this question.

Without dispute Henry Shakespear was driving appellant's truck when it collided with appellee's car. By the proof of this fact the law raised an administrative presumption that he was the owner's agent and was acting within the scope of his employment at the time. Cruse-Crawford Mfg. Co. v. Rucker, 220 Ala. 101, 123 So. 897; United Wholesale Grocery Co. v. Minge Floral Co., 25 Ala.App. 153, 142 So. 586.

In this state of the record another recognized doctrine has application. It is: " * * * if the evidence in rebuttal of that presumption is without dispute, and leads to no doubtful inference, to the effect that the driver was not defendant's agent, or that, if he was, he was not acting within the scope of his authority or in the course of his employment, the affirmative charge is due defendant." Cruse-Crawford Mfg. Co. v. Rucker, supra. See also, Perfection Mattress & Spring Co. v. Windham, 236 Ala. 239, 182 So. 6.

To meet the presumption of agency the appellant's evidence shows the following facts without dispute or conflict:

The defendant had several trucks and when they were not in use they remained in a fenced enclosure at appellant's warehouse. Ignition keys were left in the trucks. Henry Shakespear was employed as a janitor at the warehouse. On the day of the collision, this employee took one of the trucks from the enclosure and went to a hardware store and purchased some stove pipe for his own use. From there he journeyed to his home and left the pipe. All of this was without permission from or knowledge of any other employee of the appellant. It was on the return trip from his house that Shakespear was involved in the collision with plaintiff's car.

The only evidence that could in any manner tend to rebut the facts just set out and fix liability on the owner of the truck was the testimony of a Mr. Register. This witness testified that from time to time he had seen Henry Shakespear driving the truck in question on the streets of Andalusia. He deposed also that on one occasion Shakespear brought "some work" to witness' machine shop in the truck and appellant paid the service charges incident to the job. This was denied by appellant's witnesses. In fact, both the company's manager and Shakespear testified that the latter had never before driven any of the trucks away from the warehouse.

It appears that the proceedings below were had about two years after the happening of the main event. According to Mr. Register's testimony he was relating events which occurred shortly before the trial at which he was testifying. Unquestionably, from these remote facts, a reasonable inference could not be drawn that Shakespear was driving the truck as an agent of the appellant at the time of instant concern.

The inquiry cannot be determined solely upon the basis of the fact that the driver of the truck was among the employees of the appellant in the conduct of its business generally; nor can it be determined from the mere fact that at some other time, wholly disassociated with the main occurrence, he was permitted or directed to drive the truck on some other errand for the owner.

"The doctrine of respondeat superior applies only when the relation of master and servant 'is shown to exist between the wrongdoer and the person sought to be charged for the result of some

wrong or neglect *at the time and in respect to the very transaction out of which the injury arose.'* " (Emphasis ours.) Powers v. Williamson, 189 Ala. 600, 66 So. 585, 587.

We will not attempt to review the *many* authorities from our appellate courts which have dealt with this identical question. A fairly large number of these are collected and noted under the title "Automobiles" in Vol. 3, Alabama Digest, ☜242(6).

We entertain the view that in the case at bar the appellant was due the general affirmative charge. It is, therefore, unnecessary and unneedful for us to respond to the other questions which are presented by the record.

The effect of our holding makes the intervention of any other error (if such there be) innocuous. Roberson v. Tennessee Valley Authority, 237 Ala. 279, 186 So. 727; Bonds v. Marsh et al., 16 Ala.App. 538, 79 So. 631.

■ The final judgment bears date of June 22nd, 1948. The "Citation on Appeal" recites the judgment as of this date as the basis for appeal. At a place in the record just preceding the introduction of the first witness, we find this recitation:

"Be It Remembered: That this cause came on to be tried on this the 28th day of June, 1948, before Hon. A. E. Gamble, Special Judge of the 22nd Judicial Circuit of Alabama, and a struck jury."

It is insisted in brief of appellee's counsel that the record discloses that the judgment was entered prior to the time the testimony was taken and therefore we are without authority to review the question to which we have responded.

In the indicated state of the record we must be guided by the date fixed in the final judgment. Doss v. Wadsworth Red Ash Coal Co., 185 Ala. 597, 64 So. 341; Louisville & N. R. Co. v. Abernathy, 197 Ala. 512, 73 So. 103.

The writer entertains the view that the judgment of the circuit court should be reversed and the cause remanded. The other members of the court concur in the order of reversal, but are of the opinion that a judgment should be here rendered in favor of the defendant below. The order, therefore, is in conformity with the majority view.

Reversed and rendered.

**PER CURIAM.**

Reversed and remanded on authority of Alabama Electric Cooperative, Inc., v. Free, Ala.Sup., 4 Div. 540, 40 So.2d 635.