46 So.2d 430

**KARRH v. BROWN.**

**6 Div. 999.**

Court of Appeals of Alabama.

May 9, 1950.

Alex Smith, Jr., of Fayette, for appellant.

C. M. Holder, of Fayette, and Newman G. Strawbridge, of Vernon, for appellee.

CARR, Judge.

This is a suit for property damages incident to a collision between two automobiles.

Without dispute in the evidence one of the cars was the property of Tommie Karrh, the defendant below. At the time of the collision it was being driven by his wife.

In the court below there was a judgment in favor of the plaintiff.

The only question presented for our review is whether or not Mrs. Karrh was the agent of her husband within the purview of the applicable rule.

The proof of ownership in Mr. Karrh raised the administrative presumption that Mrs. Karrh was his agent and she was acting at the time of the collision in the line and scope of such agency. This was merely a prima facie presumption, based on the fairness of imposing on the defendant the burden of proving that the driver was not his agent, or, if so, she was not at the time acting in the line and scope of the agency relationship.

In this state of the record: "If the evidence thereon is in conflict, or leads to doubtful inference only, the issue should go to the jury. If, however, the evidence, without dispute, rebuts the facts thus presumed, there is no issue for the jury, and the general affirmative charge should be

given for the defendant on request." Tullis v. Blue, 216 Ala. 577, 114 So. 185, 187.

See also, Cruse-Crawford Mfg. Co. v. Rucker, 220 Ala. 101, 123 So. 897; Perfection Mattress & Spring Co. v. Windham, 236 Ala. 239, 182 So. 6; Alabama Electric Coop. v. Free, 34 Ala.App. 425, 40 So.2d 632.

At common law it was the general rule that a husband was civilly liable for the torts of his wife committed by her during coverture. In most jurisdictions this doctrine is no longer followed. By statute, in this State, it is provided that the husband shall not be liable for a tort of his wife in the commission of which he does not participate. Title 34, Sec. 70, Code 1940.

■ We do not adhere to the "family purpose" doctrine in this jurisdiction.

In the case of Tullis v. Blue, supra, the Supreme Court held: "The fact either of family relationship or of permitted use, or of both combined, did not furnish any basis for liability." See also, Armstrong v. Sellers, 182 Ala. 582, 62 So. 28; Bradley et al. v. Ashworth, 211 Ala. 395, 100 So. 663; Landry v. Richmond, 45 R.I. 504, 124 A. 263, 32 A.L.R. 1500, and annotations; Bourland v. Baker, 141 Ark. 280, 216 S.W. 707, 20 A.L.R. 525, and annotations.

In consonance with these principles, we come to consider the facts in the instant case.

■ It appears without dispute in the evidence that Mrs. Karrh baked a cake. The members of the family, including the appellant, ate some of the delicacy. The next morning after Mr. Karrh had gone to his place of business, Mrs. Karrh packed some of the cake in a mailing package and at the time of the collision was en route from her home to the post office at Fayette, Alabama, to mail the package to her daughter who resided in California.

There is no evidence that Mr. Karrh in any manner participated in the plan nor did he know that his wife intended to send the gift. The evidence leads to the inescapable conclusion that the idea of sending the cake came as a token of affection and thoughtfulness from the mother.

It is reasonable to believe that Mr. Karrh would have approved the plan, but we do not find in the evidence, or fair inferences therefrom, that he did have any part in the thoughtful undertaking.

We hold, therefore, that the defendant was due the general affirmative charge as requested.

■ Counsel lays stress on statements which are found in some of the opinions. The effect of these is that if there is any evidence which reflects upon the credibility of the testimony of the defendant or his witnesses, the question of whether or not the operator of the car was defendant's agent acting in the line and scope of his authority should be submitted to the jury. So he observes in his brief: "The credibility of the Defendant-Appellant's witness, Verna Karrh, who was the driver of the automobile at the time of the accident, was clearly attacked as shown by the cross-examination. The Court's attention is called to the contradictory statements which she made as to whether she stopped or not before entering the State Highway; also as to neither of the automobiles being removed by a wrecker while Pharis Black testified that he did send a wrecker for Plaintiff-Appellee's automobile."

This is a misapplication of the rule and a careful reading of the opinions will not support this interpretation. It is the evidence which has to do with the question of agency, to which reference is made. Certainly not testimony which is wholly foreign to this specific factual issue.

It is ordered that the judgment below be reversed and the cause remanded.

Reversed and remanded.