Si Garrett, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

55 So.2d 864

## BATES v. KURTTS.
### 6 Div. 433.

Court of Appeals of Alabama.
Dec. 18, 1951.

Ross, Ross, & Ross, Bessemer, for appellant.

Davies & Williams, Birmingham, for appellee.

CARR, Presiding Judge.

Andrew James Kurtts, Jr., brought a tort action against Mr. and Mrs. T. J. Bates. The occasion for the suit was a collision between plaintiff's automobile and Mr. Bate's car, the latter vehicle being driven at the time by Mrs. Bates.

The cause was tried by the judge without a jury and resulted in a judgment in favor of the plaintiff and against both defendants. Only Mr. Bates prosecutes this appeal.

The controlling question for our review is to determine whether or not the evidence justifies an application of the doctrine of respondeat superior.

The proof in this reviewable aspect is not in dispute.

Mr. and Mrs. Bates, with their two small children, lived in Bessemer, Alabama. Mr. Bates went to and from his home to his place of employment each day in a car with a friend. His own automobile was left at his home and was used by Mrs. Bates at her convenience, and this with the consent and knowledge of her husband.

On the day in question Mr. Bates left for his place of employment about six A. M. Later in the forenoon Mrs. Bates, with her two children, started to the home of a friend in another section of the city. The purpose of the visit was purely social, and Mr. Bates knew nothing about his wife's plans to go to the home of the friend. En route to her destination the car driven by Mrs. Bates collided with the appellee's automobile.

The proof that appellant owned the damnifying vehicle raised an administrative presumption that his wife was his agent and was acting at the time of the collision in the line and scope of such agency. This presented merely a prima facie presumption, in recognition of the fairness of imposing on the defendant the burden of proving that his wife was not his agent, or, if so, she was not at the time acting in the line and scope of the agency relationship.

In this state of the record: "If the evidence thereon is in conflict, or leads to doubtful inference only, the issue should go to the jury. If, however, the evidence, without dispute, rebuts the facts thus presumed, there is no issue for the jury, and the general affirmative charge should be given for the defendant on request." Tullis v. Blue, 216 Ala. 577, 114 So. 185, 187. See also, Cruse-Crawford Mfg. Co. v. Rucker, 220 Ala. 101, 123 So. 897; Perfection Mattress & Spring Co. v. Windham, 236 Ala. 239, 182 So. 6; Alabama Electric Co-op. v. Free, 34 Ala.App. 425, 40 So.2d 632.

At common law it was the general rule that a husband was civilly liable for the torts of his wife committed by her during coverture. In most jurisdictions this doctrine is no longer followed. By statute, in this State, it is provided that the husband shall not be liable for a tort of his wife in the commission of which he does not participate. Title 34, Sec. 70, Code 1940.

It follows that if the appellant is to be charged for the wrongful act of his wife it must be based on the doctrine of respondeat superior.

This doctrine applies only when the relationship of master and servant "is shown to exist between the wrongdoer and the person sought to be charged for the result of some wrong or neglect *at the time and in respect to the very transaction out of which the injury arose.*" (Emphasis ours.) Powers v. Williamson, 189 Ala. 600, 66 So. 585, 587.

We do not adhere to the "family purpose" doctrine in this jurisdiction.

In the case of Tullis v. Blue, supra, the Supreme Court held: "The fact either of family relationship or of permitted use, or of both combined, did not furnish any basis for liability." See also, Karrh v. Brown, 35 Ala.App. 308, 46 So.2d 430; Armstrong v. Sellers, 182 Ala. 582, 62 So. 28; Parker v. Wilson, 179 Ala. 361, 60 So. 150, 43 L.R.A.,N.S., 87; Bradley v. Ashworth, 211 Ala. 395, 100 So. 663; Landry v. Richmond, 45 R.I. 504, 124 A. 263, 32 A.L.R. 1500 and annotations; Bourland v. Bak-

er, 141 Ark. 280, 216 S.W. 707, 20 A.L.R. 525 and annotations.

Appellee's attorney urges that the instant case should be controlled by the "family errand" doctrine as some courts choose to call it.

In support of this theory we are cited: Graham v. Page, 300 Ill. 40, 132 N.E. 817; Andersen v. Byrnes, 344 Ill. 240, 176 N.E. 374; O'Haran v. Leiner, 306 Ill.App. 230, 28 N.E.2d 315.

Under the law of Illinois the so-called "family purpose" doctrine is not recognized. White v. Seitz, 342 Ill. 266, 174 N.E. 371; Andersen v. Byrnes, supra.

In the following cases from the Illinois courts the husband and father gave permissive use of his automobile to members of his family.

In the case of Arkin v. Page, 287 Ill. 420, 123 N.E. 30, 5 A.L.R. 216, at the time of the accident a twenty year old son was on his way from his home to an educational institution for the purpose of seeing if he could register in a course of study. The boy expected to pay his tuition and fees out of his own funds and had not discussed with his father the matter of making the trip. The court held that the father was not chargeable with the damnifying act of his son.

In the case of Graham v. Page, supra, a minor daughter was living with her parents. On the day in question she was using her father's car en route to a shoe repair shop to get her shoes. The court held that she was acting at the time as the agent of her father.

Emphasis is placed on the duty of the parent to furnish clothing for his daughter.

The court referred to the Arkin case, supra, but observed that distinguishing factual features appear.

In the case of O'Haran v. Leiner, 306 Ill.App. 230, 28 N.E.2d 315, at the time of the collision the wife was using her husband's car for the purpose of taking their daughter to a store to buy a Halloween party dress. Under these circumstances the court sustained a judgment against the owner of the automobile.

The case of Gates v. Mader, 316 Ill. 313, 147 N.E. 241, 242, disclosed these facts. The wife could not drive the automobile, but with the consent of her husband she frequently got her grown son to drive for her. The son did not live with his parents, but was a frequent visitor in their home.

At the time of concern the mother requested her son to take her, his two sisters, a cousin, and a lady friend and her daughter to a luncheon engagement which had been planned for the ladies in the party.

The court observed that at the time of the collision the car was being driven by the owner's son for the pleasure and convenience of the family and "the son was driving it with the permission of defendant, and that the car was being used for one of the purposes it was kept for." The court declared that the son was acting as the agent of his father at the time of the accident.

The holding in the Arkin case, supra, was not disturbed, but was distinguished in point of facts.

In the case of White v. Seitz, 342 Ill. 266, 174 N.E. 371, 373, the facts appear in the opinion as follows:

The owner of the car, his wife, and their seventeen year old son constituted the family. The collision with plaintiff's car occurred while the son was driving around town in his father's car. In the automobile at the time was a young boy friend. It appears that the two boys were engaged solely in pleasure riding.

The court denied liability against the owner. In approaching the review it was observed: "The fact that the driver was the defendant's son or that the car had been purchased for the use of the family was not a factor in fixing the defendant's liability."

In commenting on the holding in the Gates case, supra, the court stated: "The driver in that case was not a member of the family or a minor. He was an adult son not living with his parents, but employed and living elsewhere, who visited his parents about once a week. The evening before the accident he had come to his parents' home."

Under circumstances very analogous to those in the White case, supra, the court held that the father was not liable for the negligence of his son in Andersen v. Byrnes, supra.

It is evincingly clear that the Illinois Supreme Court has not committed itself to a view that will sustain appellee's position in the case at bar.

We are frank to state that we find difficulty in reconciling the views expressed in opinions from various jurisdictions on the question of instant concern. We shall not extend this opinion by citing and commenting on these conflicting cases.

Our primary concern must be directed to the holdings of our own courts.

In the case of Bradley v. Ashworth, supra, these facts appear in the opinion: "Plaintiff, appellee, owned an automobile which he used in the practice of his profession as a physician. When the car was not in use by plaintiff, his wife had free use of it for her convenience and pleasure, and, on the occasion in question, after plaintiff, in company with his wife, had driven to his place of business down town, the wife, alone, was driving the car back home when it came into collision with an electric street car operated by defendants as receivers. Plaintiff's wife was returning the car to her home with the purpose, at a later hour, of using it to call upon a relative who was sick at a point some distance away."

In response to issues presented in the case the court held: "It results that, on the case presented by this record, plaintiff was not answerable for the contributory negligence of his wife as his servant, agent, or employé."

This conclusion was reached after the court refused in the opinion to adopt the "family purpose" doctrine.

This court, in the fairly recent case of Karrh v. Brown, supra, followed what we considered the view in our jurisdiction and denied liability against the husband and owner of the car. At the time of the collision Mrs. Karrh was driving her husband's automobile en route from her home to mail a package to her daughter who resided in California.

We are committed to the statutory provision that the husband shall not be liable for a tort of his wife "in the commission of which he does not participate".

The exception to this rule must be related to the law of principal and agent.

The relationship of husband and wife does not of itself make the wife the agent of her husband. A contrary doctrine may have strong reason in the matter of convenience and public policy, but, of course, our concern is to adhere to law.

It is certainly a part of a good husband and father to provide conveniences for his family for social contacts. This duty alone, however, does not enforce the relationship of principal and agent.

Of course, each case must be reviewed in consonance with the presented facts. To hold the appellant liable in the instant case for the negligence of his wife would in effect upset and nullify our established view with respect to the "family purpose" doctrine.

At the time of the alleged negligent act Mrs. Bates was on a mission solely for her own pleasure. Mr. Bates in no manner participated in the intended visit, and the journey was entirely apart from any benefit to him.

The fact that Mrs. Bates had with her in the car her little daughter and a three weeks old baby could not, in our view, make the visit to the friend any more a part of Mr. Bates's business or participation in the sense that his wife was acting as his agent on account of the accompaniment of these two small children.

Counsel for appellee points out that the case was tried by the court without a jury and we should accord a reasonable presumption in favor of the correctness of the judge's finding.

This rule has no application if it appears that the trial judge has taken an erroneous view of the law as applied to the undisputed facts. Bankers Fire & Marine Ins. Co. v. Terry, 35 Ala.App. 233, 45 So.2d 324; Fiquett v. Wade Electric Light & Power Co., 206 Ala. 630, 91 So. 357; Cox v. Somerville, 204 Ala. 261, 85 So. 525;

Murphree v. Hanson, 197· Ala. 246, 72 So. 437.

The court below was in error in rendering judgment against the appellant T. J. Bates. This judgment is ordered reversed and the cause remanded.

Reversed and remanded.