## HUNTER v. WAITE.

An affidavit for a continuance, on the first application at the first Term of the Court, "that affiant cannot go safely to trial, for the want of testimony material to his "defence; that the witnesses, whose testimony he desires, reside beyond the "limits of the State, and that he has not had time to procure their testimony since "the commencement of this suit; that this application is not made for delay, but "that justice may be done," was held to be insufficient; and see what the Court said the party ought to have stated.

Objections to evidence on the ground that it is secondary, must be taken when the evidence is offered.

Error from Fayette. The application for a continuance was made at the return Term.

*J. Sayles,* for plaintiff in error.

*Oldham, Marshall & Terrell,* for defendant in error.

LIPSCOMB, J. The first assignment of error, in this case, is, that the District Court erred in refusing the continuance asked by the appellant. On inspecting the transcript of the affidavit in support of the motion for continuance, it will be found to be vague and uncertain, and not entitling the party

to the continuance prayed. It alleges "that affiant cannot go "safely to trial, for want of testimony material to his defence; "that the witnesses, whose testimony he desires, reside beyond "the limits of the State, and that he has not had time to procure "their testimony since the commencement of the suit; that "this application is not made for delay, but that justice may "be done." This being the first continuance, he was not required to state what he expected to prove; but he ought to have named the witnesses and their residence, if known, and that he expected to procure their testimony by the next Term of the Court. If he really required such absent evidence, he could have included these facts in his affidavit. There is no error in refusing the continuance, on the grounds shown.

There is nothing in the other assignment as to the secondary evidence admitted, of the existence and loss of the note sued on. The appellant had, in his plea, admitted the note sued upon, and set up matter in avoidance. He made no objection to the admission of the secondary evidence. When admitted, its sufficiency was a question for the jury. He cannot object to its admissibility in this Court, not having made the objection in the Court below. The judgment is affirmed.

Judgment affirmed.