ELLWEIN, Respondent, v. TOWN OF ROSCOE, Appellant.

(174 N. W. 748.)

(File No. 4452. Opinion filed November 8, 1919. Rehearing denied January 13, 1920.)

1. **Negligence—Gutter Opening, Negligent Construction( Notice of By Municipality, Competency of Evidence Re Negligence, Re Constructive Notice, Actual Notice Pleaded.**

In a suit for damages for injuries resulting from plaintiff being tripped and thrown down by coming in contact with a gutter cover whose end had been thrown up by another person stepping upon the opposite end, held, that evidence tending to show that the cover was long in an improper condition, and tending to corroborate evidence of improper construction, and to prove negligent maintenance of the gutter, was competent on the question of negligent maintenance. Held, further, that such evidence · was "within .the issues," as tending to prove constructive notice of the defective condition when only actual notice. was pleaded; defendant's remedy, had there been no evidence of actual notice, being by motion to strike · out the evidence, or a request that court caution jury to consider the evidence only upon question of whether original construction was proper.

2. **Same—Damages Against Municipality, Actual Notice of Negligent Maintenance Pleaded, Trial Re Theory of Constructive Notice—Objection "Not Within Issues," Insufficiency.**

Where, in a suit for damages against a municipality for dam-

ages resulting from negligent maintenance of a gutter opening, case was tried on theory that the pleadings, although alleging actual notice of defective construction and maintenance, were sufficient to sustain proof of constructive notice, held, that an objection that the evidence is "not within the issues" was insufficient to base error, if any, in the court's trying case on said theory; the objection should not set a hidden trap to be sprung upon motion for new trial and on appeal; and such objection did not draw attention to fact that constructive notice was not pleaded.

3. Same—Damages    Resulting    from — Medicine    Bills,    Hospital Charges, Etc., Reasonableness Of, Evidence Of, Whether Tenable Objection—Motion to Strike, Instruction Taking Evidence from Jury, As Remedies

Where, in a suit for damages resulting from negligent construction and maintenance of a gutter cover, plaintiff testified as to what she paid for medicine bills, hospital charges, etc., the mere objection that the evidence failed to prove reasonableness of the items, is not tenable; since, if reasonableness were not proven, it constituted mere failure of proof; a motion to strike evidence, or a request for an instruction taking the evidence from the jury would have protected defendant's rights.

4. Same—Doctor's Testimony Re Predisposing Causes of Physical Condition, Objection "No Proper Foundation Laid," Sufficiency.

In a suit for damages for injuries resulting from negligent construction and maintenance of a gutter cover, testimony of a physician, as an expert, based upon statements from plaintiff as to how the injury occurred, and upon witness's examination and treatment of plaintiff, as to whether the injury was the predisposing cause of the present condition of plaintiff's hip, the objection thereto that "no proper foundation is laid," is ineffectual; since, conceding that witness must first be asked to disclose the substance of the patient's statement and what he found upon such examination, yet such objection would not direct trial court's attention to what was lacking as foundation for the question.

5. Evidence—Suit Against Municipality for Damages Re Negligence —Town-board Member as Adverse Witness, Examination Same As Friendly Witness, Whether Error.

In a suit against a municipality for damages resulting from negligence, assuming, without deciding, that a member of defendant's town-board was improperly called as an adverse witness, yet, the actual examination having been within limitation of that of a friendly witness, no error resulted.

6. Appeals—Evidence—Damages for Negligence—Refusal to Direct Verdict, Ample Evidence to Support Verdict—No Error.

Assigning of error in overruling motion to direct verdict for

defendant, is ineffectual where evidence was ample to support verdict for plaintiff.

7. **Appeals—Instructions—Negligence—Right to Base Verdict on Negligence, Taking the Question, and Question of Actual Notice of Negligent Construction, From Jury, Whether Error.**

In a suit for damages resulting from negligence, there being evidence from which jury could find original construction of a gutter cover to have been faulty, and where trial court virtually took question of actual notice thereof from jury, held, that an assignment of error that court refused instructions, one of which would have taken from jury right to base verdict upon negligent construction, while the other would have withdrawn question of actual notice thereof, is unavailing.

8. **Same—Negligence—Instructions—Assignment of Error Re Instructions, Instructions Complete and Fair, Effect.**

An assignment of error to giving of certain instructions, the instructions given, as a whole, being very complete, and exceptionally fair to appellant, is ineffectual.

9. **Same—Instructions—Negligence—Submitting Question of Constructive Notice, Exception as "Not Within Issues," Trial on Theory of Constructive Notice, Effect—Remedy Re Amendment to Conform to Proof.**

Where, in a suit for damages for injuries resulting from negligent construction and maintenance of a gutter cover, an exception to an instruction submitting to jury question of defendant municipality's constructive notice of faulty construction, as, "not within the issues," the case having been tried on theory of constructive notice, it was court's duty, if complaint did not plead constructive notice, to have directed its amendment to conform to proof; and Supreme Court will consider this exception as though such amendment had been made.

10. **Same—Submitting to Jury Special and Actual Damages, Exception "No Evidence Supporting Claim," Futility of.**

Where, in a suit for damages resulting from negligence, court's instruction submitted to jury determination of both special and actual damages, the objection being "no evidence supporting claim of actual damages" and defendant-appellant merely raised point of no evidence that expenditures made by plaintiff were necessary or reasonable, ample evidence existing that expenditures were for necessary purposes and were reasonabl, the objection is unavailing; and if appellant deemed evidence lacking as to certain items, it should have asked for instructions taking such items from jury.

11. **Damages—Injuries from Negligence—Excessive Verdict Evidence Refused—No Error.**

Where, in a suit for damages resulting from negligence, the objection was that a verdict for plaintiff in $5,000 was ex-

cessive as resulting from passion and prejudice, **held**, the evidence showing that plaintiff suffered much pain and inconvenience, had to undergo much medical and surgical treatment, her earning capacity being severely impaired, her injury being not only permanent but of a nature threatening her life, verdict furnishes no evidence of influence by passion or prejudice.

12. **Trials—Suit Against Municipality for Damages from Negligence—Defendant's Attorney's Unprofessional Conduct—Informing Jury That Citizen-witnesses Agreed Facts Were As Claimed, But Would Not Appear as Witnesses, Censurable Remark, Whether Error Cured by Court's Statement—Verdict Eminently Just, Effect Re Error.**

Where, in a suit against a municipality for damages, the statement by plaintiff's counsel to jury, which in effect told it he had talked with many citizens of defendant town and that they agreed that the facts were as claimed by defendant, but that, being inhabitants thereof, they could not appear, as witnesses for the town, was most unprofessional, and its author was deserving of severe censure; and, defendant claiming that whatever error was thus involved was cured by trial court's statement to jury, **held**, that while no statement by court could undo the injury that might result from such statement, and while had trial court granted new trial, its ruling would have been sustained, yet, the trial being otherwise most fair throughout, the verdict being eminently just, trial court being in better position than Supreme Court to judge of weight this improper remark had with jury, and having denied new trial it thereby said in effect that jury disregarded the statement; and plaintiff should not be punished for unprofessional conduct of her counsel, unless it is reasonably certain she gained thereby an undue advantage; the verdict is sustained.

McCoy, J., not sitting.

Action by Christina Ellwein, against the Town of Roscoe, a municipal corporation, to recover damages resulting from personal injury. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Julius Skaug,* and *Pat Morrison,* for Appellant.

*E. D. Barron,* and *James M. Brown,* for Respondent.

(1) To point one of the opinion, Appellant cited, re the issue: 28 Cyc. 1519, 1388.

(3) To point three, Appellant cited: 7 Ency of Evidence, 430; Gumb v. Ry. Co., 21 N. E. 993; International & G. N. R. Co. v. Lane, 127 S. W. 1066; Jones v. City of Sioux Falls, 101 N. W. 43.

(5)  To point five, Appellant cited:  Pipestone County Bank v. Ward (Minn.) 83 N. W. 991; Langford v. Issenhuth, 28 S. D. 451; Floren v. Larson et al, 29 S. D. 63, 135 N. W. 672.

Respondent cited:  Laws 1909, Ch. 72, Sec. 1.

(7)  To point seven, Respondent cited:  13 Rul. Case Law, Sec. 278; Blake v. Bedford, 151 N. W. 75.

(12)  To point twelve, Appellant cited:  Lindsey v. Pettigrew, 3 S. D. 199, 52 N. W. 873; Brown v. Swineford, 44 Wis. 282.

WHITING, J.  Action to recover damages for personal injuries.  Verdict and judgment for plaintiff.  Appeal from judgment and order denying a new trial.

In the cement crosswalks in appellant town gutter openings were left, which openings were covered by planks resting upon rods embedded in the cement.  Respondent met another woman just at one of these gutters.  This other woman stepped one one end of the plank covering, and the opposite end flew up, tripping and throwing respondent down and causing her serious physical injury.

[1]  Respondent pleads negligence in the construction and maintenance of the plank covering; also that appellant had actual notice of such negligent construction and maintenance.  She offered, and the trial court received, evidence that tended to prove that this covering was in an improper condition long after it was constructed and a considerable time prior to the alleged accident.  This evidence also tended to corroborate the evidence of faulty construction and to prove the negligent maintenance pleaded; incidentally it tended to establish constructive notice of the defective condition.  The receipt of this evidence is assigned as error.  The only objection on which this assignment can be predicated is that such evidence was "not within the issues of this case and incompetent."  That it was competent on the question of negligent maintenance is clear.  But appellant contends that it was not "within the issues," as it tended to prove constructive notice of the defective condition when only actual notice was pleaded.  Appellant's remedy, in case there was no evidence of actual notice, was by a motion to strike out such evidence, or a request that the court caution the jury to consider the evidence only upon the question of whether the original construction was proper.

[2]    It is evident from the whole record that the trial court tried the case upon the theory that the pleadings were sufficient to sustain proof of constructive notice of the alleged defective condition of the plank covering. To object to this evidence as "not within the issues" was insufficient to base error, if any, in the court's trying the case upon the theory above noted. The interposition of an objection should not be the mere setting of a hidden trap to be sprung upon motion for a new trial and upon appeal. Unless the objection is one that cannot be. cured, a general objection is insufficient. As said by the territorial court in Caledonia Min. Co. v. Noonan, 3 Dak. 189, 14 N. W. 426:

"If parties desire to avail themselves of * * * objections, they must make them in the trial court, with such particularity and so specifically that this court can see that such trial court has passed upon the very question presented here."

We believe that the above announces a just rule and provides a guide that the appellate court should follow. Certainly this court cannot say that the objection interposed called attention to the fact that constructive notice was not pleaded. We must presume that, if the attention of the court and respondent had been properly called to this fact, if it was a fact, respondent would have immediately asked to amend the complaint to conform to the proof.

[3]    Respondent testified, over objection, as to what she paid for medicine bills, hospital charges, operations, etc. Appellant assigns as error the admission of this evidence, and urges that there is no testimony that these payments were reasonable, and it asserts a well-established rule when it says that "the reasonableness of the charges * * * must be established." But again appellant has failed to pursue its proper remedy. Respondent's evidence as to what she paid was competent and was properly received. If she failed to prove by further testimony the reasonableness of these payments, it constituted a mere failure of proof, which rendered immaterial the proof as to what she had paid. A motion to strike the evidence, or a request for an instruction taking these elements of damages from the jury, would have fully protected appellant in its rights. Kolka v. Jones, 6 N. D. 461, 71 N. W. 558, 66 Am. St. Rep. 615.

[4]    Appellant assigns as error the receipt of answers to cer-

tain questions asked of respondent's expert witness. A considera-
tion of one question is sufficient. A doctor was asked:

"And basing your opinion, doctor, upon the evidence and
statements from her as to how the injury she received at Roscoe
occurred, and upon your original examination and treatment of
her, and upon your examination, both physical and X-ray, in your
opinion would the injury which she suffered be considered the
predisposing cause of the present condition of her hip?"

The objection which appellant now urges, and the only one
urged, is that "no proper foundation had been laid." Appellant
urges, and has cited numerous authorities holding, that an expert
cannot properly be asked an opinion based upon statements that
have been made to him, and upon what he had learned from a
physical examination of a party, until he has disclosed to the jury
the substance of such statements and what he found upon such
examination. Conceding such to be the law, it is evident that
the objection interposed did not direct the trial court's attention
to what it was that was lacking as a foundation for the question.
For all the record shows, appellant may have had in mind that the
witness had not laid the proper foundation to testify at all as an
expert— had not shown that he was an expert. What we have
said in connection with the first assignment discussed is peculiarly
applicable to this one. If a proper objection had been interposed,
respondent could readily have placed before the jury all that was
needed as a basis for the question asked.

[5] Appellant assigns error in that respondent was per-
mitted to call and examine, as an adverse witness, a member of
appellant's town board. Assuming, but not deciding, that this
witness was improperly called as an adverse witness, yet no
question was asked him which the trial court, in its discretion,
could not have allowed to have been asked if he had been called
as a friendly witness.

[6] Appellant assigns as error the overruling of its motion
to direct a verdict. This assignment raises the question of the
sufficiency of the evidence to sustain a verdict for respondent. A
review of such evidence could serve no useful purpose; there was
ample to support such a verdict.

[7] Appellant assigns as error the court's refusal to give
two requested instructions: One, if given, would have taken from

the jury the right to base a verdict upon negligent construction of the covering; the other would have taken from the jury the question of actual notice. There was evidence from which the jury could find the original construction of the covering to have been faulty. The court in its instructions virtually took the question of actual notice from the jury.

[8, 10] Appellant assigns as error the giving of certain instructions to the jury. The instructions, taken as a whole, were very complete and exceptionally fair to appellant. We deem it necessary to note but two exceptions: Exception was taken to an instruction submitting to the jury the question of constructive notice. The ground of the exception was that constructive notice was "not within the issues of this case." The case, in the absence of a proper objection to the receipt of evidence, having been tried throughout on the theory that constructive notice was an issue, it was the duty of the court, if the complaint did not plead constructive notice, to have directed its amendment to conform to the proof, and this court will consider this exception as though such amendment had been made. The exception was not well taken. Appellant excepted to an instruction submitting to the jury the determination of both special and actual damages, and appellant objected upon the ground that there was "no evidence in the record supporting any claim of actual or special damages." In its argument appellant merely raises the point that there was no evidence that the expenditures made by respondent were necessary or reasonable. There was ample evidence from which the jury could determine that the expenditures were for necessary purposes. There was also evidence upon the question of the reasonableness of at least some of the expenditures. If appellant thought there was evidence lacking as to certain items, it should have asked for instructions taking such items from the jury's consideration.

[11] Appellant has raised the point that the verdict was so excessive as to indicate that it was given under the influence of passion and prejudice. The verdict was for $5,000. The evidence shows that respondent suffered much pain and inconvenience; that she had to undergo much medical and surgical treatment; that her

20—Vol. 42, S. D.

earning capacity is seriously impaired; that her injury is not only permanent in its nature, but of a nature that threatens her very life.  The verdict furnishes no evidence that the jury were influenced by passion or prejudice.

[12]  Finally, appellant assigns reversible error in a certain statement made by one of respondent's counsel in his final address to the jury.  This statement was most unprofessional in its nature, and its author was deserving of severe censure.  In effect, counsel told the jury that he had talked with many of the citizens of appellant town; that they agreed that the facts were as claimed by respondent; but that, being inhabitants of such town, they could not appear as witnesses for respondent.  That such a statement was made is not denied, but respondent's counsel make light of it, and state:

"Whatever error might be predicated upon such remark was promptly cured by the statement of the court, and there was nothing in the remark that could, in any way, be deemed prejudicial. * * *"

The counsel who made the statement is too good a lawyer not to know that it would have been error for the court to have allowed him to go upon the witness stand (where he would have been subject to cross examination and his evidence subject to rebuttal) there to testify to the same facts which he improperly stated to the jury.  Counsel also knows that no statement by the court could undo the injury that might result from such statement.  If the trial court had granted a new trial because of such statement we would sustain its ruling.  But this trial was otherwise most fair throughout; the verdict was eminently just; the trial court, which was in a far better position than we are to judge of the weight which this improper remark had with the jury, has by its order denying a new trial said that, in its opinion, the jury disregarded it.  It is quite probable that the trial court was influenced in its decision by the fact that counsel was not a resident of the county wherein the trial was had, and that, therefore, his statement would not carry equal weight with the statement of a reputable attorney to a jury of his

neighbors.   Respondent should not be punished for the unprofessional conduct of her counsel, unless there is a reasonable certainty that she gained an undue advantage thereby.   We, therefore, not without hesitancy, accede to the views of the trial court.

The judgment and order appealed from are affirmed.

McCOY, J., not sitting.