ADDISON S. ARCHIE *vs.* HUDSON–ESSEX CO.
LEAH C. ARCHIE *vs.* HUDSON–ESSEX CO.

. MARCH 26, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Principal and Agent.   Automobiles.*

The liability of a principal for the act of its agent while driving the automobile of his principal can rest only upon proof of agency at the time and place at which the accident occurred.

*(2)   Principal and Agent.   Automobiles.*

Where an agent at the time of the accident was using the principal's automobile upon a private and personal matter of his own the principal is not. liable for a resulting tort.

TRESPASS ON THE CASE for negligence. Heard on exceptions of defendant and sustained.

VINCENT, J.   These are actions of trespass on. the case for negligence arising out of the same accident, the one being brought to recover damages to an automobile and the other damages for personal injuries.

The collision between the two automobiles occurred in the town of Westerly, Rhode Island, and on the highway between the village of Westerly and Watch Hill.   At the time of the accident the automobile of the defendant was being driven by one Franklin O. Barber who was accompanied by his wife and children.   The other automobile was being driven by the plaintiff Addison S. Archie, his wife being with him.

These two cases were tried together in the Superior Court before a justice of that court sitting with a jury. At the close of all the evidence, the defendant moved, in each action, that a verdict be directed upon the ground that it appeared from the testimony that the said Barber at the time of the accident was not using the automobile as the servant or agent of the defendant but for his own convenience and purposes.   These motions were denied and the defendant duly excepted.   It is upon this one exception in each action that the cases are now before us.

The jury returned a verdict in each case for the plaintiff. In neither action did the defendant file a motion for a new trial but came to this court upon its exceptions.

It appears from the testimony that Barber was the secretary, treasurer, and general manager of the defendant company whose business was the sale of automobiles and that he was engaged from time to time in making such sales.

The place of business of the defendant company was at New London, Connecticut.   Barber's home was in the village of Westerly, Rhode Island, and he also had a summer cottage at Watch Hill.

Barber had the right, by permission of the defendant, to use one of its automobiles either for its business or for his private purposes as he might see fit.   There was no

restriction upon him in that regard.    In fact he used one of defendant's automobiles to drive from his home in the village of Westerly to the defendant's place of business in New London and also in returning to Westerly.

On the day of the accident, April 16, 1921, before starting for New London, he had driven his wife and two children from his home in the village of Westerly to his cottage at Watch Hill and left them there, the wife desiring to make some preparation looking to the occupation of the cottage later in the season.

After leaving his family at Watch Hill, Barber drove back to Westerly and then on to New London.    In the afternoon he drove back from New London to Westerly and then on to Watch Hill, there getting his family and bringing them back to his home.    It was on this return trip from Watch Hill to Westerly that the accident occurred.

Upon these facts the defendant based its motion for the direction of a verdict.

Barber in his testimony stated that he had no particular hours of employment and also that, "Any time of day or night I am a salesman for the Hudson–Essex Company," a statement which, in connection with some others of a similar character, the plaintiffs seem to place some reliance on in their effort to establish the liability of the defendant. This testimony of Barber does not conflict with or modify such parts of the testimony as clearly show and determine the exact purpose and object of the trip which he was making.

The testimony is clear that at the time of the accident he was taking his family from Watch Hill to Westerly and that there was nothing connected with that trip which involved the discharge of any duty to the defendant.    He was simply taking his family home from a place which was not situated on his route to and from his business; he was not on his way to call upon any possible purchaser of an automobile; he was not at the time contemplating any possible sale; and he was not looking for, nor did he have

in view, anything connected with the business of the defendant. There is absolutely nothing to show that Barber at the time of the accident was driving the automobile or doing anything whatever for the defendant within the scope of his employment or otherwise.

The liability of the defendant can rest only upon proof of agency at the time and place at which the accident occurred. *Colwell v. Ætna Bottle & Stopper Co.,* 33 R. I. 531; *Northup v. Robinson,* 33 R. I. 496.

It having been established by the evidence that at the time of the accident Barber was using defendant's automobile upon a private and personal matter of his own, it seems unnecessary to prolong this opinion by the further citation of authorities which hold that under such circumstances the master would not be liable for the tort. Under such conditions the authorities generally recognize that a suit cannot be maintained against the owner of the automobile.

We think that a verdict for the defendant should have been directed. The defendant's exception in each case is sustained.

The plaintiffs may appear before this court, if they shall see fit, on April 2, 1923, at ten o'clock A. M. and show cause, if any they have, why each of said cases should not be remitted to the Superior Court with direction to enter judgment for the defendant.

*John Ferguson, Jr.* for plaintiffs.

*Ralph T. Barnefield,* for defendant.