DAKOTA GROCERY CO., Appellant, v. ZEARLEY, Respondent

(281 N. W. 265.)

(File No. 8172.   Opinion filed September 10, 1938.)

*Frank P. Kinney,* of Lemmon, for Appellant.
*C. G. Carrell,* of Lemmon, for Respondent.

SMITH, J.   In this action the plaintiff, Dakota Grocery Company, sought recovery from Eli G. Zearley, the defendant, for an alleged shortage in the accounts of the Bison Grocery and Produce Company which defendant managed for plaintiff. The defendant denied the shortage and prayed for an accounting. Both parties noticed the cause for trial to a jury. The verdict and judgment were for defendant, and the matter is here on appeal from the judgment and an order denying a motion for a new trial.

The principal error assigned deals with the admission of an accountant's summary of books of account kept by defendant (defendant's Exhibit 7). The precise point made by the assignment is that the summary was not admissible because the books. of account had not been received in evidence. Conceding, for the purposes of this case, that the presence of the books in evidence is a prerequisite to the admission of such a summary (Cf. 66 A. L. R. 1206) a review of the record convinces us that the point may not be considered·here because not raised in the trial court. The objection made in the trial court was as follows: "We will object to the introduction of Defendant's Exhibit 7 on the ground that it purports to convey testimony in evidence that in this record is binding upon the plaintiff, and was done entirely unbeknown to him; done upon the weight of this contract wherein he was a party, without his knowledge or consent, when it was reasonably right that he was called in to be taken into consideration in the participation of this inventory; done entirely contrary to his system of bookkeeping, upon which both, the record shows, agreed to in the

contract. This witness hasn't proved himself competent to bring forth an audit, both as a matter of fact and of training and of law, further that this has been done wholly unbeknown to the plaintiff and is not binding upon the plaintiff."

It would be unfair to require the trial court and the counsel for defendant to glean from this language that plaintiff was objecting to the introduction of the summary for the specific reason that the books had not been received in evidence. Obviously, the ground of objection could have been obviated if it had been made known to court and counsel. In the case of Caledonia Gold Mining Co. v. Noonan et al., 3 Dak. 189, 14 N. W. 426, the territorial court: "No rule of practice is better settled than that, where an ojection to evidence could have been obviated upon the trial, if specifically pointed out, an occasion which does not specifically point out such objection will be unavailing upon appeal." Pitts Agricultural Works v. Young, 6 S. D. 557, 62 N. W. 432; Plano Manufacturing Co. v. Person, 12 S. D. 448, 81 N. W. 897; Harrison v. State Banking & Trust Co., 15 S. D. 304, 89 N. W. 477; Ellwein v. Town of Roscoe, 42 S. D. 298, 174 N. W. 748; Moberg v. Scott, 42 S. D. 372, 175 N. W. 559; Bailey v. Chicago M. & St. P. Railway Co., 3 S. D. 531, 54 N. W. 596, 19 L. R. A. 653.

Examination of the record discloses that plaintiff was not prejudiced by the admission of this summary in evidence. Without any objection on the part of plaintiff, defendant and the accountant had previously been permitted to testify from this exhibit and to state the total sales, the cost of merchandise, the expenses, and the net profits of the venture. These were the very matters that the exhibit purported to summarize.

Other matters assigned do not merit discussion.

The judgment and order of the trial court are affirmed. No costs to be taxed.

All the Judges concur.