## BERRY et al. v. SHEPPERD.

### No. 3854.

Court of Civil Appeals of Texas. El Paso.

June 8, 1939.

Rehearing Denied July 13, 1939.

R. M. Washburn and Aubrey A. Wilson,. both of Gladewater, for appellants.

Wm. Hurwitz, of Longview, for appellee.

HIGGINS, Justice.

Appellee Shepperd, as lessor, executed an oil and gas lease to W. I. Berry, lessee, upon a tract of land in Gregg County for a consideration of $2,000 cash paid. The lease obligated the lessor to warrant and defend the title to the land. Berry acquired the lease in trust for C. A. Lee and R. W. Burnett. Thereafter The Tidewater Development Company obtained judgment against Berry, Lee and Burnett for title and possession of the land, and they surrendered possession to said Company..

Thereafter Berry, Lee and Burnett brought this suit against Shepperd to recover damages for breach of the warranty of title. Upon trial, without a jury, judgment was rendered in Shepperd's favor.

Findings and conclusions were not filed by the trial Court.

There is evidence that Berry, at the time the land was leased to him, was advised that Shepperd did not own the land. Shepperd and the witness Dunaway testified to that effect. Dunaway and the witness Harris also testified in effect that at the time the lease was prepared and executed a separate written contract was prepared and executed which voided the warranty of title contained in the lease. This separate written contract was not produced upon the trial, but it was proved by the testimony of Dunaway and Harris.

Much of the brief of appellants is devoted to a discussion of the parol evidence rule, and it is urged that the evidence of Dunaway and Harris violated that rule. Such evidence had no such effect. It was merely secondary evidence of the contents of the separate written contract. The lease and separate contract constituted one transaction. Parol evidence was admissible to connect the instruments, and they are to be considered as one instrument and read and construed together. This is well settled. 14 Tex. Jur., Deeds, Sect. 147; 10 Tex. Jur., Contracts, Sect. 166.

In support of the judgment it must be assumed the Court found, in accordance with the evidence stated, that there was a separate written contract, contemporaneous with the lease and which relieved Shepperd of liability upon the warranty of title contained in the lease.

Objection is also made in appellants' brief to the secondary character of such evidence without proper predicate having been laid, but no such objection was urged in the Court below. It cannot be made for the first time in this Court. 17 Tex.Jur., 497, Sect. 195; Hunter v. Waite, 11 Tex. 85; Mensing Bros. & Co. v. Cardwell, 33 Tex.Civ.App. 16, 75 S.W. 347.

It is also complained the Court erred in overruling the motion for new trial upon the ground of newly discovered evidence consisting of the testimony of the witness Lantz upon the issue as to the existence of the separate contract voiding the warranty of title in the lease. The testimony of Mr. Lantz was merely cumulative of the testimony of plaintiffs' witness, Mr. Wynne. Furthermore, it is not shown that proper diligence had been exercised to obtain the testimony before the trial. A want of such diligence affirmatively appears.

Under the circumstances this matter presents no error.

Affirmed.