# Grace Goff *vs.* Craft's, Inc.

JUNE 3, 1941.

RE-ARGUMENT DENIED JULY 2, 1941.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

12

CONDON, J. This action of trespass on the case for negligence was tried before a justice of the superior court sitting with a jury and resulted in a verdict for the plaintiff. Defendant corporation, Craft's, Inc., moved for a new trial, which was denied by the trial justice. To this denial, and to the denial of its motion for a directed verdict, at the conclusion of the evidence, defendant duly excepted. The case

is here on these exceptions, and also on defendant's exception to a ruling of the trial justice admitting in evidence, over its objection, the names of its officers and directors as contained in the annual report which it filed, on February 17, 1938, with the secretary of state, in accordance with general laws of 1938, chapter 116, § 54.

The plaintiff's cause of action arose out of an automobile accident which occurred on December 7, 1937, at twelve o'clock noon, on Bassett street near Blount street in the city of Providence. Plaintiff alleged in her declaration that she was standing on the north sidewalk of Bassett street near Blount street and that she was exercising due care for her safety, when she was knocked down and injured by reason of the careless and negligent operation of an automobile driven by the defendant's servants and agents, in that "a part of it protruded over the said northerly curb-line and onto the north sidewalk of said Bassett Street at a point where the plaintiff was standing, as a result of which plaintiff was struck by said automobile and thrown into the street . . . ." And she further alleged that, by reason of being struck and knocked down, she sustained serious personal injuries.

The defendant contends that a verdict should have been directed in its favor, because there is no evidence of any liability on its part for the operation of the automobile, as it does not appear anywhere in the evidence that the occupants, Joseph Ricci and William H. Wade, were its agents or its servants in the operation of said automobile; and also because plaintiff was guilty of contributory negligence.

It further contends that, if those contentions are not sustained, it is entitled to a new trial, as the evidence greatly preponderates against the verdict, both on the issue of the agency of Ricci and Wade, and also on the issue of plaintiff's contributory negligence.

Defendant finally contends that unless it is granted a new trial there will be a "failure to do substantial justice", because, while plaintiff has had her "day in court, defendant

has not had such day, on account of the fact that its counsel, relying on his firm conviction that plaintiff had failed to make out a case, did not present important evidence in its favor which could and would have been presented had counsel not felt as he did about the weakness of plaintiff's evidence. All of these contentions, together with defendant's contention, under its first exception, that information from its annual report was not properly admitted in evidence, will be hereinafter separately considered.

It appears from the undisputed evidence that the automobile which was involved in the accident belonged to Maria L. Ricci; that her husband, Joseph Ricci, and William H. Wade were in the automobile at the time of the accident; and that Wade was then making a call on one of defendant's customers in the course of its business. There was further evidence that Ricci, on behalf of the defendant, had also previously done business with this customer; and that both Ricci and Wade were directors of the defendant corporation, according to its annual report of February 17, 1938.

In the trial of the case in the superior court, defendant objected to the admission into evidence of its annual report, on the ground that such report was irrelevant, since it showed only who were its officers and directors as of February 17, 1938, and not as of December 7, 1937, the day of the accident, over two months previously. To that objection plaintiff replied that the report was admissible, not so much to prove who the directors were on any given date, but in corroboration of prior, uncontradicted and unobjected to testimony that Ricci and Wade were connected with defendant corporation.

We are of the opinion that, in the circumstances, defendant's objection was not sound. The report was not without some relevancy at the stage of the evidence when it was admitted. Our corporation law requires a corporation doing business in this state to file annually in February a report showing, among other things, the names of its officers and directors. Defendant was incorporated in this state on April

16, 1937. The instant report was the first and only one, up to February 17, 1938, which it had filed pursuant to the law. From this it could reasonably be inferred, until the contrary was shown, that the directors named in this report as of that date were the only directors the defendant had from the beginning of its corporate life and that, therefore, Ricci and Wade were directors on December 7, 1937.

In this court, and for the first time, defendant made a further objection to the admission of this report, on the ground that its admission violated the best evidence rule, since the records of the corporation or the sworn testimony of its secretary were the best evidence. It might well be argued, however, that for the purpose for which the report was admitted, it was of equal importance with such records or testimony, since the report is required by law to be certified by some officer of the corporation under the corporate seal.

But whether such report is primary or secondary evidence, the objection to its admission, because it does not meet the requirements of the best evidence rule, comes too late when made for the first time in this court on appeal. It was defendant's duty, at least in the circumstances where the report that was offered was itself an act of defendant which was obligatory upon it under the statute, to make this objection in the superior court. In the present instance, defendant made no such objection in that court. On the contrary, it agreed to the contents of such report with reference to its officers and directors being read into the record, reserving only the right to object to its relevancy. Its exception to the admission of the report is therefore overruled.

Defendant's annual report being properly in evidence, it is clear, from this and other evidence above mentioned, that the jury could reasonably infer that the automobile which caused plaintiff's injury was operated by defendant's agent and that, in the light of that evidence, such operation was within the scope of the agency. Direct evidence is not necessary to prove agency; it may also be proved by inferences from proper evidence. Here the evidence from which agency

is reasonably inferable is undisputed. Where this is so, the question whether the agent acted within the scope of his authority is one for the jury. *Russell* v. *Cavaca*, 137 A. 778, (R. I.); *Haining* v. *Turner Centre System*, 50 R. I. 481.

In the instant case, therefore, the question whether the use of the automobile was within the scope of the agency was for the jury to decide. In the light of these principles, and especially in view of the well-established rule that on a motion for a directed verdict all reasonable inferences must be drawn in favor of the party adverse to such motion, we are of the opinion that it was not error for the trial justice to deny defendant's motion for a directed verdict on the above ground.

We are also of the opinion that there is no merit in the defendant's contention that the plaintiff, on her own testimony, was guilty of contributory negligence as a matter of law. We have carefully read all of her testimony and also that of the other witnesses, and it appears to us that it raised a question of fact for the jury as to whether the plaintiff, on the evidence in her favor, was negligent in remaining where she was on the sidewalk without keeping a lookout for a vehicle that might protrude over the sidewalk and endanger her safety as it moved backward along the street.

The defendant cites two cases where a directed verdict for a defendant, on plaintiff's contributory negligence for not exercising vigilance in avoiding vehicles in the highway, has been upheld, but in neither was the plaintiff on the sidewalk and struck by a vehicle backing along the highway against the flow of traffic and partly protruding over the sidewalk. In these cases the plaintiff had left a place of safety and was in the highway attempting to cross when run down by defendant's vehicle.

There was some conflict in the evidence in the instant case as to whether the plaintiff was on the sidewalk when she was struck, or whether she had slipped from the sidewalk into the path of the moving automobile, as testified to by one of the defendant's witnesses. This conflict, of course,

raised a question for the jury to determine. However, on consideration of the defendant's motion for a directed verdict, such question must be resolved most favorably to the plaintiff and hence she must be deemed to have been on the sidewalk when she was struck and knocked down by the automobile. Defendant's exception to the denial of its motion for a directed verdict is accordingly overruled.

We come now to the defendant's exception to the denial of its motion for a new trial. Under this exception defendant contends that there was no evidence of its responsibility for the operation of the automobile or of the negligence of the driver, and also that the evidence shows contributory negligence. We have already considered these contentions under defendant's exception to the denial of its motion for a directed verdict, and have held that there was evidence for the jury to consider in deciding them. The question now is whether, on a consideration of all the evidence, we can fairly and reasonably say that the weight thereof greatly preponderates against the verdict and, therefore, that the trial justice's denial of defendant's motion for a new trial was clearly wrong.

Defendant further contends, in support of the above exception, that if its other contentions are not sustained, it ought to be granted a new trial in order that it may have its full day in court to introduce further evidence in its behalf which its counsel refrained from introducing at the trial now under review because counsel felt that plaintiff's evidence was so weak that a verdict must necessarily be directed in defendant's favor.

Obviously, such a contention cannot be given approval by this court, because to do so would inevitably result in the trial of cases piecemeal. After defendant's motion for the direction of a verdict on all the evidence which had been introduced was overruled by the trial court, and a verdict thereon was rendered for the plaintiff, defendant cannot fairly argue in this court that, if the adverse verdict is sus-

tained here, there will result a failure to do substantial justice.

On defendant's principal contentions, in support of its exception to the denial of its motion for a new trial, we have examined the transcript and we are unable to say that the trial justice's approval of the verdict is clearly wrong. The direct evidence, in support of the element of agency, and as to the acts of the agents being within the scope of the agency, is not strong; but there is ample evidence from which they could be reasonably inferred by the jury. As to the issue of contributory negligence on the part of the plaintiff, the weight of the evidence clearly supports the verdict. The evidence showed that the plaintiff was on the sidewalk in a place of safety where she had no reason to apprehend any danger from vehicles moving in the street. It further showed that her conduct just before and at the time of the accident was that of an ordinary prudent person using the sidewalk on a curbed public highway of the city of Providence. The jury, by their verdict, found that she had done nothing to contribute to her own injury and the trial justice has approved that finding.

On our view of the evidence, we cannot say that he was clearly wrong, either in this respect or in respect to the jury's finding of liability in the defendant for the acts of its servants or agents within the scope of their agency. Defendant's exception to the denial of its motion for a new trial is, therefore, overruled.

All of defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Rosenfeld & Murphy, John G. Murphy,* for plaintiff.

*Greenough, Lyman & Cross, Harvey S. Reynolds,* for defendant.

---

PER CURIAM. After our opinion in this case was filed, the defendant requested and was given permission to file a mo-

tion for reargument. As grounds for reargument, the defendant states in its motion that our opinion indicates that we misunderstood the evidence, and that we have inadvertently overturned the settled law of this state governing the responsibility of a principal for the torts of an agent as it has been laid down in the following cases: *Colwell* v. *Aetna Bottle & Stopper Co.,* 33 R. I. 531; *Northup* v. *Robinson,* 33 R. I. 496; *Anderson* v. *Miller,* 142 A. (R. I.) 616; *Archie* v. *Hudson-Essex Co.,* 45 R. I. 109; *Landry* v. *Richmond,* 45 R. I. 504 and *Callahan* v. *Weybosset Pure Food Market,* 47 R. I. 361.

In each of those cases, it should be noted, the plaintiff's evidence raised no inference of agency which remained throughout the trial, but a mere presumption which disappeared upon the introduction by the defendant of evidence that the motor vehicle in question, although belonging to the defendant, was not being operated, at the time of the accident, on defendant's business, but was being used by the operator upon an errand of his own. In the instant case, defendant was not, by plaintiff's evidence, confronted with a mere presumption, nor did it present any evidence in rebuttal of plaintiff's evidence of agency.

On the contrary, we found that there was direct evidence of the agency of Wade and that all of plaintiff's evidence raised certain inferences that Ricci was driving him on defendant's business and that the use of an automobile by Wade was within the scope of his agency. In such circumstances, we further found that the trial justice did not err in denying defendant's motion for a directed verdict; and that, in the face of such unrebutted evidence of agency, he was also justified in denying defendant a new trial on that ground or any other ground.

After carefully considering all of defendant's contentions in its motion, which have been ably presented by its counsel, we are unable to find any ground for a reargument of this case. We may add specifically, in answer to one of defendant's contentions, that our opinion in this case was not in-

tended to and does not overrule the principles of the law of agency laid down and followed in the above-cited cases.

Motion for reargument denied.