353 P.2d 396

Enic C. CLEVENGER, Employee, Claimant-Respondent,

v.

POTLATCH FORESTS, INC., Employer, and Workmen's Compensation Exchange, Surety, Defendants-Appellants.

No. 8867.

Supreme Court of Idaho.
July 1, 1960.

Blake & Givens, Lewiston, for appellant.

Paul C. Keeton, Lewiston, for respond-ent.

McFADDEN, Justice.

July 31, 1959, respondent filed with the Industrial Accident Board a petition for hearing. He sought determination of his entitlement to workmen's compensation benefits on account of an injury, permanent in character, caused by an industrial accident arising out of and in the course of his employment with appellant employer. He alleged that the accident occurred August 9, 1955.

Appellants answered, denying that the accident happened August 9, 1955, and further denied the permanent injury, admitting however the other allegations of the petition. Appellants then affirmatively pleaded in bar the 4-year statute of limitation, I.C. § 72–407, basing the plea on their contention that the accident occurred during the latter part of July, 1955, and that therefore

respondent had not filed his petition within the period of four years from the date of the accident.

The Industrial Accident Board found that the accident occurred August 9, 1955, and made an award in favor of respondent to compensate him for his permanent injury attributable to the accident. Appellants appealed.

Appellants by their assignments of error present the single question raised by their plea in bar of the statute of limitation; therefore we shall determine whether the evidence is sufficient to sustain the Board's finding that the accident occurred August 9, 1955.

In this appeal it is urged that there is no substantial and competent evidence to support the Board's finding that respondent's accident occurred on August 9, 1955. The record shows a member of the Industrial Accident Board placed in evidence, without objection by either party, the Board's file relating to respondent's medical examinations and treatment; also, excerpts from additional reports of medical examinations of respondent were read in evidence, likewise without objection. Though secondary, such evidence in effect became primary in the light of its admission without objection.

Secondary evidence of a fact in issue, received without objection, is thereby, in law, evidence tending to prove such fact and may be considered as such. Salistean v. State, 115 Neb. 838, 215 N.W. 107, 53 A.L.R. 1057; Goff v. Craft's, Inc., 67 R.I. 11, 20 A.2d 520, 21 A.2d 10; Dakota Grocery Co. v. Zearley, 66 S.D. 266, 281 N.W. 265; Berry v. Shepperd, Tex.Civ.App., 131 S.W.2d 282; Summit Drilling Corp. v. Commissioner of Internal Revenue, 10 Cir., 160 F.2d 703; Community State Bank of Royal Center v. Durbin, 121 Ind.App. 229, 95 N.E.2d 310, 98 N.E.2d 604; Humphries v. Le Breton, 55 N.M. 247, 230 P.2d 976; Jones on Evidence, 4th Ed., Vol. 1, § 202, p. 390.

Appellants admit that they were notified of the accident August 9, 1955, and that following the accident, respondent first visited his attending physician, Dr. Baldeck, at Lewiston, Idaho, on August 12, 1955.

Dr. Baldeck's first "Attending Physician's Report" dated September 7, 1955, filed with the Board September 12, 1955, recites respondent's history of the accident:

"1. Date of Injury 8–9–55

"12. State, in patient's own words, cause of and how accident occurred *I was loading and stepped off the loader and twisting my hip and back.*"

The doctor's reports, three in number, his last one dated December 10, 1956, and filed with the Board December 14, 1956, continue to show the date respondent received his injury as August 9, 1955.

Respondent's testimony regarding his fixing the time of the accident appears as follows:

"Q. Would you tell the Board how you fixed the date of August 9, 1955, as the day this accident happened? A. * * * I knew I was hurt on the 9th and about three days later I went in on the 12th to the doctor.

\* \* \* \* \* \*

"Q. * * * how long after the accident was it before you went to the doctor? A. It was three days. * * * I got hurt, on, about a Tuesday, and I went in on Friday to see the doctor."

Dr. Baldeck later referred respondent to two orthopedic consultants in Spokane, Washington, for examination. Their respective reports made in December, 1955, and May, 1956, set forth in effect that respondent stated the accident occurred in July, 1955. Respondent explained such discrepancy appearing in those medical reports by his testimony as follows:

"Q. Can you explain why those doctors say in their reports that you advised them you had been hurt in July * * *? A. I didn't give them my report. My wife gave them my report there at the desk.

"Q. Didn't you talk to the doctor? A. Yes, but I don't remember him asking about the date.

\* \* \* \* \* \*

"Q. Do you recall ever telling anyone that you were hurt in July, 1955? A. No, I don't."

Again, in his application for benefits under a group accident and health policy carried by his employer, respondent testified he did not remember having given history appearing in the application that about the last of July, 1955, he stepped off a platform and sprained his hip.

Dr. Kessler's recital of history elicited from respondent on September 4, 1959, reads: "Mr. Clevenger stated that in August, 1955, he stepped off a drier * * * he was seen by his physician during the first week or two following the accident."

Respondent when further interrogated as to how he fixed the date of the accident as August 9, 1955, as set forth in his petition for hearing, stated: "Well naturally we looked over the reports and the record— that would be the biggest thing."

■ The record shows conflict as to the date the accident occurred. However, the evidence in the form of medical reports of Dr. Baldeck, dated variously during the period commencing September 7, 1955, and ending December 10, 1956, showing the history of respondent's injury as having been sustained August 9, 1955, is substantial and corroborated by respondent's own testimony.

■ The finding of the Industrial Accident Board when supported by competent;

substantial, though conflicting, evidence will not be disturbed on appeal. Idaho Const. Art. V, § 9; I.C. § 72–609; Miller v. Bingham County, 79 Idaho 87, 310 P.2d 1089; In re Linzy's Death, 79 Idaho 514, 322 P.2d 330; Moeller v. Volco Builders' Supply, Inc., 81 Idaho 349, 341 P.2d 447.

The award of the Industrial Accident Board is affirmed. Costs to respondent.

SMITH, KNUDSON and McQUADE, JJ., concur.

TAYLOR, C. J., sat at the hearing but did not participate in the decision.