LANDEEN, Appellant v. YONKER, INC., Respondent

(175 N.W.2d 50)

(File No. 10680. Opinion filed March 5, 1970)

**Dana, Golden, Moore & Rasmussen,** and **Richard W. Sabers,** Sioux Falls, for plaintiff and appellant.

**May, Boe & Johnson,** Sioux Falls, **Thompson, Solberg, Anderson & Green,** Fargo, N. D., for defendant and respondent.

RENTTO, Judge.

Plaintiff is a dirt-moving contractor and the owner of a 1957 D-9 Caterpillar tractor with a dozer attachment. When not being used by him on his own undertakings he leases this equipment to others. In this action he seeks damages for the breach of an oral contract under which he leased it to the defendant. On trial to the court he recovered only a part of the damages he was seeking. He appeals.

In addition to denying plaintiff's claims against it the defendant asserted a counterclaim contending that it had suffered sub-

stantial damage by reason of the plaintiff's failure to perform his obligations under the contract. These claims the trial court dismissed, but defendant has not appealed.

The findings of the court reveal that from the latter part of January 1966 until March 15, 1966, plaintiff leased the described equipment to Roger Hines. Hines was then engaged as a subcontractor of the defendant on a channel alteration project on the Floyd River near Sioux City, Iowa. Because of Hines' inability to further perform his subcontract, defendant in late February assumed his work on the project, including his lease of the tractor and his employees who were engaged in its operation and maintenance.

The nature of the work required of the tractor on this project and the weather conditions under which it was used, subjected it to severe operating circumstances. In March, before the expiration of Hines' lease but while the equipment was under control of the defendant, it required extensive repairs. These were paid for by the defendant. Shortly after that time plaintiff leased the equipment to the defendant for a two-month period and thereafter on a month to month basis, to commence on the expiration of Hines' lease on March 15th. In that agreement it was stipulated that the rent would be $1500 per month.

This lease included the provision that plaintiff would be responsible for all repair bills, including those incurred in early March prior to its effective date, and that the cost of these would be deducted from the rent paid during its term. As payment of the rent for the period of March 15th to April 15th, which was paid in advance, plaintiff accepted the sum of $1000. This represented the agreed rental of $1500 less an estimated amount for the repairs contracted by the defendant. About April 14th plaintiff accepted $750 as rental for the period from April 15th to May 15th. This represented the rent due less payment made for repairs.

On Sunday, May 15th, a trucker employed by plaintiff came to the construction site and without notice to or the permission

of the defendant, moved the equipment in question to another location some distance from where it was being used. He had been there a few days earlier on orders from the plaintiff to haul it away, but was prevented from doing so by the defendant because it was during the lease period for which the rent had been paid. On May 16th the trucker, again without notice to the defendant, hauled it to Arlington, South Dakota, where plaintiff was engaged in doing dirt work on an airport construction job.

Because of inadequate maintenance of the equipment by defendant during the period of its lease, plaintiff spent $1084.93 to put it into operating condition after it was returned to him at Arlington. The judgment awarded him this amount.

One of plaintiff's complaints here is that he was deprived of the use of the tractor on the airport job while it was being repaired after it was returned to him. He claims that for such period he was required to rent substitute equipment for which he paid a rental of $1500. He assigns as error the court's refusal to allow him recovery for this expenditure.

██ One who owns a piece of property has the right to use it. Generally, damages are awarded for interference, either tortiously or in breach of contract, with the owner's right to use his property. These damages are usually measured by the rental value of the item involved or by the reasonable cost of hiring a replacement item for the required period. 22 Am.Jur.2d, Damages, § 152; 25 C.J.S. Damages § 41. See also South Dakota Pattern Jury Instructions—Revised, 30.16. Only such expense as is reasonably incurred is recoverable.

██ Plaintiff testified that he paid a total of $1500 as rent for the use of the substitute equipment while his own was being repaired. However, there was no proof that such amount was its reasonable rental value. In Ellwein v. Town of Roscoe, 42 S.D. 298, 174 N.W. 748, a similar situation as to payments made for medication was discussed. Concerning it this court wrote:

"Respondent's evidence as to what she paid was competent and was properly received. If she failed to prove by further testimony the reasonableness of these payments, it constituted a mere failure of proof, which rendered immaterial the proof as to what she had paid."

Applying that rule to this situation it follows that plaintiff failed to prove his damages for the claimed loss of use. Accordingly, the action of the trial court was proper.

■ He also claims that he should have been allowed the cost of transporting the tractor and blade from the job site at Sioux City to Sioux Falls, South Dakota, at which place it was located when leased to Hines. Assuming that under their contract this was the duty of the defendant, the plaintiff by his conduct made it impossible for the defendant to perform such obligation. Consequently, he may not recover for its nonperformance. 17A C.J.S. Contracts § 468; 17 Am.Jur.2d, Contracts, § 425; Williston on Contracts, 3d Ed., § 677. To hold otherwise would permit him to take advantage of a performance failure which he was the cause of.

■ The deductions withheld by defendant from the rent payments were occasioned in part by the replacement of a broken oil pan and some rollers. Plaintiff contends that since these did not arise from normal wear and tear he should have been permitted to recover therefor, claiming that their replacement was the obligation of the defendant. His position disregards the court's finding that in his lease with the defendant it was agreed that plaintiff would be responsible for all repair bills, including these, but the defendant would pay for them and they would be set off against rent to become due. Plaintiff's evidence is contrary to this finding, but the record discloses ample evidentiary support for it and the other findings.

Affirmed.

All the Judges concur.